HOWARD HOLDERNESS (SBN 169814)
THOMAS R. GREEN (SBN 203480)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000; Fax: 415.442.1001
tgreen@morganlewis.com
hholderness@morganlewis.com

JOHN F. SCHULTZ (*pro hac vice*)
BARRY L. McCOY (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000; Fax: 215.963.5001
john.schultz@morganlewis.com
bmccoy@morganlewis.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

NADEEM FARUQI
ANTONIO VOZZOLO
FARUQI & FARUQI LLP
320 East 39th Street
New York, NY 10016
Tel: 212.983.9330; Fax: 212.983.9331
nfaruqi@faruqilaw.com
avozzolo@faruqilaw.com

JENELLE WELLING (SBN 209480)
CHARLES D. MARSHALL (SBN 23644)
GREEN WELLING LLP
595 Market Street, Suite 2750
San Francisco, CA  94105
Tel: 415.477.6700; Fax: 415.477.6710
cand.uscourts@classcounsel.com

Attorneys for Plaintiffs

[*Other Counsel for Plaintiffs Are Listed
On The Signature Page*]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| Michael Brothers, an individual, and Gregory McDaniel, an individual, on behalf of themselves and all others similarly situated, | Case No. 06-2254 (RMW) |
| Plaintiffs, | **STIPULATION OF SETTLEMENT** |
| vs. | |
| Hewlett-Packard Company, | |
| Defendant. | |
| In re: HP Power Plug Litigation | Case No. 06-1221 (RS) |

The parties hereto, by and through their respective counsel, in consideration for and subject to the promises, terms and conditions contained in this Stipulation of Settlement, hereby stipulate and agree, subject to Court approval pursuant to Federal Rule of Civil Procedure 23, as follows:

## I. **RECITALS**

WHEREAS, on or about March 29, 2006, Michael Brothers initiated a class action lawsuit against Hewlett-Packard Company ("HP") in the United States District Court for the Northern District of California, Case No. 06-2254, in a case presently captioned *Michael Brothers and Gregory McDaniel, on behalf of themselves and all others similarly situated v. Hewlett-Packard Company* (the "Brothers Lawsuit");

WHEREAS, the plaintiffs in the Brothers Lawsuit allege that HP sold zd7000 series notebook computers that were defective because the graphics card in those computers generated significant heat, which the computers were unable to dissipate, resulting in unexpected shut downs, crippled graphics capabilities or permanent damage to the motherboard;

WHEREAS, the latest complaint in the Brothers Lawsuit (the Second Amended Complaint) asserts claims for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, breach of section 2313 of the California Commercial Code, and breach of express warranty;

WHEREAS, the Power-Plug Litigation is a consolidation of three cases, the first of which was filed on February 17, 2006, that were pending in the United States District Court for the Northern District of California, styled as: (a) *James Scripps v. Hewlett Packard Company*, Case No. 06-1221 (the "Scripps Lawsuit"); (b) *Allen Moser, Jr. and Christopher Wu v. Hewlett-Packard Company*, Case Number 06-2325 (the "Moser Lawsuit"); and (c) *Keaka Okada and Robyn Greaves v. Hewlett-Packard Company*, Case Number 06-2367 (the "Okada Lawsuit");

WHEREAS, pursuant to an order entered by the United States District Court for the Northern District of California on April 26, 2006, the Scripps Lawsuit, the Moser Lawsuit, and the Okada Lawsuit have been consolidated as one case captioned *In re: HP Power-Plug Litigation*, Case No. 06-1221 (hereinafter, the "Power-Plug Lawsuit");

WHEREAS, the plaintiffs in the Power-Plug Lawsuit allege that HP sold "Z" and "X" series notebook computers that were defective because the power connector installed on those computers was designed such that any movement of the computer would loosen, weaken and

1   ultimately break the connection between the power connector and the motherboard, causing

2   arcing and melting of critical components in the computer;

3       WHEREAS, the plaintiffs in the Power-Plug Lawsuit and the Brothers Lawsuit, as well as

4   HP, have consented to consolidate the Power-Plug Lawsuit with the Brothers Lawsuit for

5   purposes of settlement and providing notice and, with Court permission, wish to use the following

6   caption going forward:

7

8   In re: HP Power-Plug and           Case No. 06-2254-RMW

9   Graphic Card Litigation

10

11       WHEREAS, the plaintiffs in the Power-Plug Lawsuit and the Brothers Lawsuit, by and

12   through their respective counsel, have conducted an extensive investigation into the facts and law

13   relating to the matters alleged in their respective complaints. The investigation has included the

14   inspection of Affected Models (as defined below), consulting industry personnel, extensive

15   consultation with experts and testing by those experts, numerous interviews of witnesses and

16   putative members of the class, evaluating information provided by current or former employees

17   of HP, including the employee with primary responsibility for notebook design and matters

18   related thereto, as well as legal research as to the sufficiency of the claims. Plaintiffs and their

19   counsel hereby acknowledge that in the course of their investigation they received, examined, and

20   analyzed information, documents, computers, components, and materials that they deem

21   necessary and appropriate to enable them to enter into the Stipulation of Settlement on a fully

22   informed basis.

23       WHEREAS, this Stipulation of Settlement was reached as a result of extensive arm's length

24   negotiations between counsel for the plaintiffs in the Power-Plug Lawsuit and the Brothers

25   Lawsuit, on the one hand, and counsel for HP, on the other hand;

26       WHEREAS, counsel for plaintiffs in the Power-Plug Lawsuit and Brothers Lawsuit have

27   considered that, if the claims asserted in their respective lawsuits are not settled now by voluntary

28   agreement among the parties, future proceedings (including appeals) would be protracted and

1   expensive, involve highly complex legal and factual issues relating to class certification, liability,

2   and damages, and would involve substantial uncertainties, delays, and other risks inherent in

3   litigation.  In light of these factors, counsel for plaintiffs have concluded that it is desirable and in

4   the best interests of the plaintiffs and the members of the putative class to settle the claims

5   asserted in both lawsuits at this time upon the terms set forth in this Stipulation of Settlement;

6       WHEREAS, counsel for plaintiffs in the Power-Plug Lawsuit and Brothers Lawsuit have

7   concluded that the settlement embodied in this Stipulation of Settlement is fair, reasonable,

8   adequate, and in the best interests of the putative class;

9       WHEREAS, HP has vigorously denied and continues to vigorously deny all of the claims

10  and contentions alleged in the Power-Plug Lawsuit and the Brothers Lawsuit, denies any

11  wrongdoing and denies any liability to the plaintiffs or any members of the putative class.  HP has

12  also considered the risks and potential costs of continued litigation of the Power-Plug Lawsuit

13  and the Brothers Lawsuit, on the one hand, and the benefits of the proposed settlement, on the

14  other hand, and desires to settle both lawsuits upon the terms and conditions set forth in this

15  Stipulation of Settlement;

16      NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and between the parties,

17  through their respective counsel, that: (a) the Power-Plug Lawsuit and the Brothers Lawsuit be

18  fully and finally compromised, settled, and released upon final settlement approval by the Court

19  after a hearing or hearings as provided for in this Stipulation of Settlement; and (b) upon such

20  approval by the Court, a Final Order and Judgment, substantially in the form attached hereto as

21  Exhibit "A," be entered dismissing the Power-Plug Lawsuit and the Brothers Lawsuit with

22  prejudice, once the Effective Date (as defined below) has been reached, all upon the following

23  terms and conditions.

24                          **II.    TERMS**

25  **A.    DEFINITIONS.**

26      1.    "Action" shall mean the Power-Plug Lawsuit and the Brothers Lawsuit

27  collectively, and as consolidated pursuant to Paragraphs 65 and 66 of this Stipulation of

28  Settlement.

Case No. 06-1221(RS)                          4                    Case No. 06-2254 (RMW)

1   2.   "Affected Graphics Card Models" means: (a) an HP zd7000 series notebook which

2   bears one of the following Stock Keeping Unit or SKU numbers on the computer label: (i)

3   DN730AV; (ii) DN730AVR; (iii) DU887AV; (ix) DU887AVR; (v) DU888AV; (vi) DU888AVR;

4   (vii)  PD294AV;  (viii)  PD295AV;  (ix)  PF163UA;  (x)  PF163UAR;  (xi)  PF164UA;  (xii)

5   PF164UAR;  (xiii)  PF166UA;  (xiv)  PF166UAR;  (xv)  PF167UA;  (xvi)  PF167UAR;  (xvii)

6   PF169UA; (xviii) PF169UAR; (xix) PM018UA; (xx) PM018UAR; (xxi) PM021UA; and (xxii)

7   PM021UAR; or (b) an HP Compaq nx9500 series business notebook computer which bears one

8   of the following Stock Keeping Unit or SKU numbers on the computer label: (i)  PF031UA; (ii)

9   PF030UA; and (iii)  PF032UA.

10   3.   "Affected Power Connector Models" means: (a) an HP zx5000, zv5000 or R3000

11   series notebook computer that has a serial number of xxx409xxxx or lower and which bears one

12   of the following Stock Keeping Unit or SKU numbers on the computer label: (i)  DX995U; (ii)

13   DS481U; (iii)  DS479U; (iv)  DV563AT; (v) DV562AT; (vi)  DV561AT; (vii)  DZ314U; (viii)

14   DZ313U; (ix)  DS477U; (x)  DS476U; (xi)  DS474U;  (xii) DS472U;  (xiii)  DS471U; (xiv)

15   DS473U; (xv)  DR892A; (xvi)  DR891A; (xvii)  PC897U; (xviii ) DU912U;  (xix)  DU910U;

16   (xx)  DS502A;  (xxi)  DU913U;  (xxii)  DU607A;  (xxiii)  DU608A;  (xxiv)  PC896U;  (xxv)

17   DZ329U;  (xxvi) DZ332U;  (xxvii)  DZ330U;  (xxviii)  DS516U;  (xxix)  DS515U;  (xxx)

18   DS513U; (xxxi) DS512U; (xxxii) DS511U; (xxxiii) DV192AT; (xxxiv) DZ191AT; (xxxv)

19   DZ338U; and (xxxvi)   DZ337U; or (b) an HP Compaq nx9100 series business notebook

20   computer that has a serial number of xxx409xxxx or lower and which bears one of the following

21   Stock Keeping Unit or SKU numbers on the computer label: (i) DV102U; (ii)  DW787AA; (iii)

22   DW786AA; and (iv)  DV112U; or (c) an HP zd7000 series notebooks computer that has a serial

23   number of xxx420xxxx or lower and which bears one of the following Stock Keeping Unit or

24   SKU numbers on the computer label: (i) DM788A; (ii)  DM789A; (iii)  DM790A; (iv) DM791A;

25   (v) DM793A; (vi) DP446U; (vii) DP447U; (viii) DP448U; (ix) DP684AS; (x) DR089U; (xi)

26   DR341U; (xii) DS487U; (xiii) DS488U; (xiv) DS489U; (xv) DS490U; (xvi) DS491U; (xvii)

27   DS492U; (xviii) DT859U; (xix) DT860U; (xx) DV601U; (xxi) DZ378U; (xxii) PF163UA; (xxiii)

28   PF164UA; (xxiv) PF166UA; (xxv) PF167UA; (xxvi) PF168UA; (xxvii) PF169UA; (xxviii)

1    PM016UA; (xxix) PM018UA; (xxx) PM019UA; (xxxi) PM021UA; or (d) an HP Compaq

2    nx9500 series notebook computer that has a serial number of xxx420xxxx or lower and which

3    bears one of the following Stock Keeping Unit or SKU numbers on the computer label: (i)

4    PF030UA; (ii) PF031UA; (iii) PF032UA; (iv) PR039UA; (v) PR040UA.

5        4.    "Bar Date" means December 31, 2007, the final date by which a Proof of Claim

6    must be postmarked in order for a Class Member (defined below) to be entitled to any of the

7    settlement consideration contemplated in this Stipulation of Settlement.

8        5.    "Class" means all end-user purchasers in the United States who purchased or

9    received as a gift either an Affected Power Connector Model or an Affected Graphics Card

10    Model. Excluded from the class are those persons who have: (a) already received a "Rome

11    Motherboard Repair" (as defined below), except those persons who are part of the Three-Day

12    Repair Subclass (as defined below); or (b) already received a "Power Connector Repair" (as

13    defined below); or (c) all persons who are employees, directors, officers, and agents of HP or its

14    subsidiaries and affiliated companies, as well as the Judges of the Court in which the Action is

15    pending.

16        6.    "Class Counsel" means the law firms of Faruqi & Faruqi LLP, Kamber &

17    Associates, LLC, and Green Welling LLP.

18        7.    "Class Member(s)" means any member of the Class who does not elect exclusion

19    from the Class pursuant to the terms and conditions for exclusion set out in this Stipulation of

20    Settlement and the Notice (defined below).

21        8.    "Defense Counsel" means the law firm of Morgan, Lewis & Bockius LLP.

22        9.    "Effective Date of Settlement" or "Effective Date" means the date on which the

23    Final Order and Judgment (defined below) in the lawsuits becomes "final." As used in this

24    Stipulation of Settlement, "final" means:

25        (a)    If no objections to the Settlement are filed, or if any objections are filed

26    and voluntarily withdrawn prior to the entry of the Final Order and Judgment, the date of the

27    entry of the Final Order and Judgment; or

28

1           (b)    if any objections are filed and not voluntarily withdrawn prior to the entry

2   of the Final Order and Judgment, the later of:

3           (i)    the expiration of the time to file or notice any appeal or move for

4   reargument from the Court's judgment approving this Stipulation of Settlement; or

5

6           (ii)    the date of final affirmance of any appeals there from.

7       10.    "Fairness Hearing" means the hearing that is to take place after the entry of the

8   Preliminary Approval Order (defined below) and after the Notice Date for purposes of: (a)

9   entering the Final Order and Judgment (defined below) and dismissing the Action with prejudice;

10   (b) determining whether the Settlement (defined below) should be approved as fair, reasonable,

11   adequate and in the best interests of the Class Members; and (c) to rule upon an application by

12   Class Counsel for an award of attorneys' fees.

13       11.    "Final Order and Judgment" means an order fully and finally approving the

14   Settlement (defined below) and dismissing the Action with prejudice, substantially in the form

15   attached hereto as Exhibit "A."

16       12.    "Notice" means the Long Form Notice of Pendency and Settlement of Class

17   Action, substantially in the form attached hereto as Exhibit "B."

18       13.    "Notice Date" means the date that the Notice and/or Summary Notice (defined

19   below) is initially e-mailed, mailed or published (as appropriate).

20       14.    "NVIDIA NV 36 Graphics Card Failure" means an alleged failure of the NVIDIA

21   NV 36 graphics card in an Affected Graphics Card Model that results in unexpected shut downs,

22   crippled graphics capabilities, or permanent damage to the motherboard.

23       15.    "Plaintiffs' Counsel" means Law Offices of Clifford A. Cantor, P.C., Bramson,

24   Plutzik, Mahler & Birkhaeuser LLP, Law Offices of Alan Himelfarb, and Law Offices of Thomas

25   D. Mauriello.

26       16.    "Power Connector Failure" means a failure of the power-plug in an Affected

27   Power-Plug Model, as described in the complaint, that causes a break in the power connection

28

1    between the power connector and the motherboard, rendering the computer inoperable or unable

2    to recharge the battery power source of the computer.

3    17.    "Power Connector Repair" refers to repairing an Affected Power Connector

4    Model, free of charge to the customer including round-trip shipping, by: (a) replacing the original

5    power connector with a Signatron or FoxConn power connector; or (b) installing a new

6    motherboard of same or better performance. Whether a specific repair is completed through

7    option (a) or (b) lies in the sole discretion of HP or its designee.

8    18.    "Preliminary Approval Order" means the Order Preliminarily Approving

9    Settlement and Notice Procedures, substantially in the form attached hereto as Exhibit "C."

10    19.    "Proof of Claim" means the proof of claim form(s) contemplated in Paragraphs 36

11    through 44 and substantially in the form attached hereto as Exhibit "D."

12    20.    "Released Claims" means and includes any and all claims or causes of action that

13    were or could have been asserted by any of the named plaintiffs or any Class Member against the

14    Released Persons (as hereinafter defined), or any of them, relating to, arising out of or in

15    connection with the nVidia NV36 graphics card or the power connector in their computer, or to

16    the facts, conduct, omissions, transactions, occurrences, or matters that were alleged in any of the

17    complaints filed in the Action.

18    21.    "Released Persons" includes:

19    (a)    HP and each of its employees, assigns, attorneys, agents, resellers, and all

20    of its past, present, and future officers and directors;

21

22    (b)    All of HP's parents, subsidiaries, affiliates, predecessors and successors,

23    and each of their respective employees, assigns, attorneys, agents, resellers and past, present and

      future officers and directors;

24

25    (c)    Any and all persons, entities, or corporations involved in any way in the

26    design, manufacture, sale, service, or repair of the Affected Models, including but not limited to

27    QCA, Quanta, NVIDIA Corporation, and any other original equipment or manufacturing partner

28

Case No. 06-1221(RS)                          8                          Case No. 06-2254 (RMW)

**STIPULATION OF SETTLEMENT**

1    or any company that supplied any parts to HP or its original equipment or manufacturing partners

2    for incorporation into or use in the construction of any of the Affected Models.

3        22.    "Releasing Parties" means Michael Brothers, Gregory McDaniel, James Scripps,

4    Allen Moser, Christopher Wu, Keaka Okada, Robyn Greaves and all Class Members, and each of

5    their predecessors, successors, assigns, heirs, or executors.

6        23.    "Repair Period" means the ninety (90) day period that Class Members will have

7    to obtain the settlement benefits contemplated by Paragraphs 36 and 37 of this Stipulation of

8    Settlement.

9        24.    "Rome Motherboard Repair" refers to repairing an Affected Graphics Card

10   Model that contains an HP installed motherboard with an nVidia NV36 graphics card, free of

11   charge to the customer including round-trip shipping, by:

12            (a)    Replacing that motherboard with the motherboard used in HP's "Rome"

13   series notebook computers containing an ATI graphics card, which HP represents provides the

14   same or better performance promised by HP with the nVidia NV36; or

15

16            (b)    Replacing the computer with one of same or better performance.

     Whether a specific repair is completed through option (a) or (b) lies in the sole discretion of HP

17   or its designee.

18
         25.    "Settlement" means the settlement embodied in this Stipulation of Settlement.
19
         26.    "Settlement Administrator" means Rust Consulting.
20
         27.    "Summary Notice" means the Summary Notice of Pendency and Settlement of
21
     Class Action, substantially in the form attached hereto as Exhibit "E."
22
         28.    "Three-Day Repair Subclass" means all end-user purchasers in the United States
23
     who: (a) purchased or received as a gift an Affected Graphics Card Model, (b) purchased a
24
     service contract from HP promising to pick-up, repair and/or exchange, and return the Affected
25
     Graphics Card Model within three business days, and (c) submitted their Affected Graphics Card
26
     Model for repair, but did not receive the repair and/or exchange within the promised three
27
     business day period. The three day business time frame is to be measured in the manner called
28

STIPULATION OF SETTLEMENT

1  for in the individual's contract, as stated in Paragraph 42. Excluded from the Three-Day Repair

2  Subclass are persons who are employees, directors, officers, and agents of HP or its subsidiaries

3  and affiliated companies, as well as Judges and the Court in which the Action is pending.

4  **B.  SCOPE AND EFFECT OF CERTIFICATION OF CLASS.**

5  29. For purposes of settlement only, the parties and their counsel agree that the Court

6  should make preliminary findings and enter the Preliminary Approval Order (substantially in the

7  form attached at Exhibit "C") granting provisional certification of the Class subject to final

8  findings and ratification in the Final Order and Judgment, and appointing the named plaintiffs as

9  the representatives of the Class and Class Counsel as counsel for the Class.

10  30. HP does not consent to certification of the Class for any purpose other than to

11  effectuate the Settlement of the Action. If this Stipulation of Settlement is terminated pursuant to

12  its terms, or the Effective Date for any reason does not occur, the order certifying the Class for

13  purposes of effectuating this Stipulation of Settlement, and all preliminary and/or final findings

14  regarding that class certification order, shall be automatically vacated upon notice of the same to

15  the Court, the Action shall proceed as though the Class had never been certified pursuant to this

16  Stipulation of Settlement and such findings had never been made, and the Action shall return to

17  the procedural status quo in accordance with this Paragraph and with Paragraph 66. In addition,

18  if the Effective Date for any reason does not occur, this Stipulation of Settlement shall

19  automatically be terminated as though never entered into and no persons or entities shall have any

20  rights or obligations hereunder.

21  31. In the event the terms or conditions of this Stipulation of Settlement are

22  substantially modified by any court, HP reserves the right, in its sole discretion to be exercised

23  within fourteen (14) days after such modification, to declare this Stipulation of Settlement null

24  and void.

25  32. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by

26  operation of the Final Order and Judgment shall have, fully, finally and forever released,

27  relinquished, and discharged all Released Claims against the Released Persons.

28

Case No. 06-1221(RS)                    10                    Case No. 06-2254 (RMW)

**STIPULATION OF SETTLEMENT**

1    33.    The Release effected by this Stipulation of Settlement is intended to be a specific,

2    and not a general, release. If, despite and contrary to the parties' intention, any court construes

3    the Releases as general releases under California law and determines that Section 1542 of the

4    California Civil Code is applicable to the Releases, the provisions of such Section 1542 are

5    hereby expressly waived. Said Section 1542 provides as follows:

6    A GENERAL RELEASE DOES NOT EXTEND TO ANY CLAIMS WHICH
     THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST AT THE TIME
7    OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE
8    MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

9    Each of the Parties expressly acknowledges that it has been advised by its attorney of the contents

10   and effect of Section 1542, and with knowledge, each of the parties hereby expressly waives

11   whatever benefits it may have had pursuant to such section.

12   **C.    SUBMISSION OF THE SETTLEMENT TO THE COURT FOR REVIEW**

13   34.    As soon as is practicable but no later than twenty-one (21) days following the

14   signing of this Stipulation of Settlement, Class Counsel shall apply to the Court for entry of the

15   Preliminary Approval Order (substantially in the form attached at Exhibit "C"), for the purpose

16   of, among other things:

17   (a)    Approving the Notice and Summary Notice, substantially in form set forth

18   at Exhibits "B" and "E";

19

20   (b)    Finding that the requirements for provisional certification of the Class have

21   been satisfied, appointing the named plaintiffs as the representatives of the Class, and Class

22   Counsel as counsel for the Class, and preliminarily approving the Settlement as being within the

23   range of reasonableness such that the Notice should be sent to Class Members;

24   (c)    Scheduling the Fairness Hearing not more than ninety (90) days following

25   the Notice Date:

26   (i)    To determine whether the Settlement should be approved as fair,

27   reasonable, adequate and in the best interests of the Class Members;

28

Case No. 06-1221(RS)                      11                    Case No. 06-2254 (RMW)

**STIPULATION OF SETTLEMENT**

1                 (ii)     To determine whether a Final Order and Judgment should be

2  entered dismissing the Action with prejudice; and

3                 (iii)    To rule upon an application by Class Counsel for an award of

4  attorneys' fees and for a special award that will not exceed $3,000 each to the named plaintiffs;

5             (d)     Preliminarily approving the form of the Final Order and Judgment;

6

7             (e)     Directing that Notice of the Settlement and of the Fairness Hearing shall be

8  given to the Class as follows:

9                 (i)     by initially e-mailing once, on or before the Notice Date as

10  specified in the Preliminary Approval Order, a Notice substantially in the form attached as

11  Exhibit "B" hereto, to the last known e-mail addresses of the Class Members to the extent such e-

12  mail address information exists in the following HP databases: (i) HP's registration database

13  ("Registration Database"); or (ii) the databases that house the names and contact information of

14  persons who are potentially members of the Three-Day Repair Subclass ("Contract Database");

15                 (ii)    by initially mailing once, on or before the Notice Date as specified

16  in the Preliminary Approval Order, a Notice substantially in the form attached as Exhibit "B"

17  hereto, to the last known mailing address of a Class Member: (i) to the extent such address

18  information exists in the Registration Database or Contract Database; and (ii) if and only if there

19  is no e-mail address for that particular Class Member in the Registration Database or Contract

20  Database. Under no circumstances is a Class Member to be sent a notice by mail pursuant to this

21  Paragraph unless there is no e-mail address for that particular Class Member in the Registration

22  Database or Contract Database.

23                 (iii)   by thereafter sending a Notice to the last known mailing address of

24  any Class Member for whom HP receives an e-mail "bounce back," to the extent such mailing

25  address information exists in the Registration Database or Contract Database.

26

27                 (iv)   by thereafter, in the event there is an e-mail address but no mailing

28  address in the Registration Database for a potential Class Member and an e-mail bounce back is

**STIPULATION OF SETTLEMENT**

1  received for that potential Class Member, HP will search its "iCare" database for an e-mail or

2  mailing address and send a Notice to the last known e-mail or mailing address of that potential

3  Class Member as the same is listed in iCare;

4        (v)    publishing, on one occasion on or before the Notice Date as

5  specified in the Preliminary Approval Order, the Summary Notice in USA TODAY and PC

6  MAGAZINE; and

7        (vi)    providing links to a settlement website to be designed by the

8  Settlement Administrator that will contain the settlement documents, a list of important dates, and

9  any other information to which the parties may agree;

10

11        (f)    Providing that Class Members will have until the Bar Date of

12  December 31, 2007 to submit Proofs of Claim;

13        (g)    Providing that any objections by any Class Member to:

14        (i)    the certification of the Class and the proposed Settlement contained

15  in this Stipulation of Settlement; and/or

16

17        (ii)    the entry of the Final Order and Judgment, shall be heard and any

18  papers submitted in support of said objections shall be considered by the Court at the Fairness

19  Hearing only if, on or before the date(s) specified in the Notice and Preliminary Approval Order,

20  such objector files with the Court a notice of the objector's intention to appear, submits

21  documentary proof that the objector is a Class Member, states the basis for such objections, and

22  serves copies of the foregoing and any other papers in support of such objections upon Defense

23  Counsel and Class Counsel so that such papers are actually received by said counsel by the date

24  specified in the Notice.

25        (h)    Establishing dates by which the parties shall file and serve all papers in

26  support of the application for final approval of the Settlement and/or in response to any valid and

27  timely objections;

28

Case No. 06-1221(RS)          13          Case No. 06-2254 (RMW)

1            (i)     Providing that all Class Members will be bound by the Final Order and

2    Judgment dismissing the Action with prejudice unless such members of the Class timely file valid

3    written requests for exclusion in accordance with this Stipulation of Settlement and the Notice;

4            (j)     Providing that Class Members wishing to exclude themselves from the

5    Settlement will have until the date specified in the Notice to submit a valid written request for

6    exclusion to the Settlement Administrator;

7            (k)    Providing a procedure for Class Members to request exclusion from the

8    Settlement;

9

10           (l)     Pending the Fairness Hearing, staying all proceedings in the Action, other

11   than proceedings necessary to carry out or enforce the terms and conditions of this Stipulation of

12   Settlement;

13           (m)   Pending the Fairness Hearing, enjoining the named plaintiffs, or any of

14   them, from commencing or prosecuting, either directly or indirectly, any action asserting any of

15   the Released Claims; and

16           (n)    Granting admission pro hac vice for purposes of this consolidated action of

17   all out-of-state counsel who were previously granted admission pro hac vice in the Power-Plug

18   Lawsuit.

19       35.    Following the entry of the Preliminary Approval Order, the Notice and Summary

20   Notice shall be given and published in the manner directed and approved by the Court.

21   **D.    THE SETTLEMENT CONSIDERATION**

22       36.    Class Members who purchased or received as a gift an Affected Graphics Card

23   Model containing an HP installed motherboard with an nVidia NV36 graphics card may, during

24   the Repair Period, send their computer into HP (or an agent, reseller or other party designated by

25   HP) to receive a Rome Motherboard Repair.  The cost of the repairs, including the cost of any

26   parts, will be free-of-charge.  Shipping and handling costs (round trip) will be paid by HP.  A

27   ninety (90) day limited warranty will accompany each computer for which HP performs a Rome

28

1  Motherboard Repair. Class Members seeking such relief must file a Proof of Claim certifying
2  that:

3          (a)     Their laptop computer is an Affected Graphics Card Model; and

4
5          (b)     The graphics card in their computer has not been replaced with something
   other than an nVidia NV36 graphics card.
6
7  The Repair Period contemplated by this Paragraph shall not commence until at least thirty (30)
   days after either the Effective Date or the Bar Date (whichever occurs latest in time).
8
9        37.     Class Members who own an Affected Power Connector Model containing the
   original HP installed power connector on the original motherboard may, during the Repair Period,
10
11  send their computer into HP (or an agent, reseller or other party designated by HP) to receive a
   Power Connector Repair. The cost of the repairs, including the cost of any parts, will be free-of-
12
13  charge. Shipping and handling costs (round trip) will be paid by HP. A ninety (90) day limited
   warranty will accompany each computer for which HP performs a Power Connector Repair.
14
15  Class Members seeking such relief must file a Proof of Claim certifying that:

16          (a)     Their laptop computer meets the definition of an Affected Power
17  Connector Model; and

18          (b)     The original HP installed power connector on the original motherboard had
19  not been replaced.

20  The Repair Period contemplated by this Paragraph shall not commence until at least thirty (30)
21  days after either the Effective Date or the Bar Date (whichever occurs latest in time).

22        38.     Class Members who own an Affected Graphics Card Model, who experienced an
23  nVidia NV 36 Graphics Card Failure, and who paid HP or a third-party to repair the nVidia NV
24  36 Graphics Card Failure before the Bar Date, will be eligible for reimbursement of verifiable
25  out-of-pocket expenditures (with a cap of $650.00 per Class Member), provided the following
26  two conditions are satisfied:

27
28

1

      (a)     The submission of a certification, in a Proof of Claim, attesting, under

2 penalty of perjury, that the costs were incurred in an attempt to cure the nVidia NV 36 Graphics

3 Card Failure; and

4

      (b)     The submission of a receipt, invoice, or purchase order that clearly and

5 legibly identifies the repair that was conducted. If a credit card receipt or statement is submitted,

6 a Class Member also must describe the repair that was conducted.

7 Only hardware repairs will be reimbursable under the terms of this paragraph; the purchase of a

8 new computer, an operating system, any kind of software product (including spam removal or

9 spyware removal software), or any other expenditure not reasonably considered a cure of the

10 nVidia NV 36 Graphics Card Failure is not reimbursable.

11     39.     Class Members who own an Affected Power Connector Model, who experienced a

12 Power Connector Failure, and who paid HP or a third-party to repair the Power Connector in the

13 computer due to the Power Connector Failure before the Bar Date, will be eligible for

14 reimbursement of verifiable out-of-pocket expenditures (with a cap of $650.00 per Class

15 Member), provided the following two conditions are satisfied:

16

17       (a)     The submission of a certification, in a Proof of Claim, attesting, under

18 penalty of perjury, that the costs were incurred in an attempt to repair the Power Connector; and

19       (b)     The submission of a receipt, invoice, or purchase order that clearly and

20 legibly identifies the repair that was conducted. If a credit card receipt or statement is submitted,

21 a Class Member also must describe the repair that was conducted.

22 Only hardware repairs will be reimbursable under the terms of this Paragraph; the purchase of a

23 new computer, an operating system, any kind of software product (including spam removal or

24 spyware removal software), or any other expenditure not reasonably considered a repair of the

25 Power Connector Failure is not reimbursable.

26     40.     Class Members who own an Affected Graphics Card Model, who received a repair

27 of the Graphics Card Failure by accepting from HP a downgraded graphics card (nVidia NV 31,

28

34 or 18 graphics card) and did not receive at least one of the following incentives in connection with the agreement to take the downgraded part:

      (a)    1 GB USB Flash Drive;

      (b)    1 GB SD Card;

      (c)    Noise cancelling head phones;

      (d)    Tech kit (which included, mouse, headphones, modem cable, USB cable and USB hub; or

      (e)    HP Backpack

shall be entitled to a fifty dollar ($50.00) discount certificate for use with selected HP products. Class Members seeking such relief will need to file a Proof of Claim certifying that:

      (a)    Their laptop computer experienced the nVidia NV 36 Graphics Card Failure; and

      (b)    They agreed to a repair using a downgraded graphics card; and

      (c)    They did not receive at least one of the incentives identified in this Paragraph 40 when they agreed to take the downgraded graphics card.

41.    Class Members who do not wish to have their Affected Model repaired under the procedures set forth in Paragraphs 36 or 37 will be entitled to a fifty dollar ($50.00) discount certificate for use with selected HP products. Class Members seeking such relief will need to file a Proof of Claim certifying that their laptop computer is an Affected Model and that they will not seek a repair under the procedures set forth in Paragraphs 36 or 37.

42.    Members of the Three-Day Repair Subclass, will be entitled to a thirty dollar ($30.00) discount certificate for use with selected HP products. Class Members seeking such relief will need to file a Proof of Claim:

      (a)    Certifying that their laptop computer experienced the nVidia NV 36 Graphics Card Failure;

      (b)    Providing their contract number; and

1              (c)     Certifying that their Affected Model was not picked-up, repaired and/or

2 replaced, and returned within the promised three business day time frame. The three day business

3 time frame is to be measured in the manner called for in the individual's contract.

4         43.     Any Class Member that is not in the Registration Database or Contract Database

5 will need to show proof of purchase when submitting a Proof of Claim in order to be entitled to

6 any of the relief contemplated in the Stipulation of Settlement. Such proof of purchase may be in

7 either of the following forms: a receipt, cancelled check, account statement, purchase order, or

8 other similar documentation that reflects the eligible purchase.

9         44.     Where a good faith basis exists, HP may reject a Class Member's request for

10 reimbursement on the ground that it seeks reimbursement for products or services that: (i) are not

11 reasonable identifiable from the receipt, invoice, or purchase order submitted by the Class

12 Member, or (ii) cannot reasonably be considered an attempt to cure the Power Plug Defect or

13 Graphics Card Defect; or (iii) are fraudulent; or (iv) are not reimbursable under the Stipulation of

14 Settlement. HP shall have 30 days from the date of submission of proof of claim form to exercise

15 the right of rejection. HP shall notify the Class Member through first-class mailing of the

16 rejection. If any claimant whose Claim Form has been rejected, in whole or in part, desires to

17 contest such rejection, the claimant must, within ten (10) business days from receipt of the

18 rejection, mail to the Claims Administrator a notice and statement of reasons indicating the

19 claimant's grounds for contesting the rejection along with any supporting documentation, and

20 requesting further review by the Claims Administrator, in consultation with the Defendant and

21 Class Counsel, of the denial of the claim. The Claims Administrator, in consultation with the

22 Defendant and Class Counsel, shall notify the claimant of its decision within ten (10) business

23 days from receipt of claimants notice contesting the rejection. If the rejection is upheld, the

24 claimant shall have ten (10) business days from receipt of that notice to file a motion with the

25 Court disputing the rejection.

26         45.     The discount certificates described in Paragraphs 40 through 42 shall have the

27 following characteristics:

28

**STIPULATION OF SETTLEMENT**

1    (a)  They will be non-transferable except to members of the immediate family

2 of the certificate-holder;

3    (b)  They cannot be used in combination with other rebates or coupons for HP

4 products;

5

6    (c)  They will not be stackable with each other;

7    (d)  They will be valid for six (6) months from the date of issuance;

8    (e)  They will be only redeemable through hpshopping.com (online or

9 telephone);

10    (f)  Products from the product categories identified in Exhibit "F" will be the

11 only items eligible for purchase in connection with the discount certificates.   The specific

12 products eligible for purchase will be determined after the Notice Date. The parties agree that the

13 terms, conditions and disclaimers listed in Exhibit "F" are contractual in nature and form a

14 material part of this Stipulation of Settlement.

15   46.  No Class Member shall receive any benefits described in Paragraphs 36 through

16 42 prior to the Effective Date.

17 **E.**  <u>**ATTORNEYS' FEE-AND-EXPENSE AWARD & CLASS REPRESENTATIVE AWARD**</u>

18   47.  Subject to Court approval, HP will pay Class Counsel the sum of One Million Six

19 Hundred Thousand Dollars ($1,600,000.00) in attorneys' fees, costs, and expenses.  HP does not

20 oppose, and will not encourage or assist a third party in opposing, Class Counsel's request for this

21 amount of attorneys' fees, costs and expenses, nor does HP contest the reasonableness of the

22 amount.   Such payment by HP will be in lieu of statutory fees the named plaintiffs might

23 otherwise have been entitled to recover.

24   48.  In accordance with 28 U.S.C. § 1712(b)(1), Class Counsel acknowledge and

25 understand that a portion of the settlement recovery comes in the form of discount certificates to

26 be given to eligible Class Members and warrant and represent that the portion of the recovery

27

28

**STIPULATION OF SETTLEMENT**

1 based on those discount certificates has not been used to determine the requested amount of the
2 attorneys' fee-and-expense award of $1,600,000.00.

3     49.     Class Counsel will not seek in excess of $1,600,000.00 for attorneys' fees, costs
4 and expenses and, in any event, Class Counsel agree that HP shall not pay, or be obligated to pay,
5 in excess of $1,600,000.00 for attorneys' fees, costs and expenses.

6     50.     HP agrees that it will not oppose the payment of stipends to each of the class
7 representatives not to exceed $3,000.00 per named plaintiff and, in any event, the class
8 representatives and Class Counsel agree that HP shall not pay, or be obligated to pay, in excess of
9 $3,000.00 per named plaintiff.

10     51.     Class Counsel, and each of them, agree that upon its compliance with the terms
11 and conditions of this Stipulation of Settlement, HP will forever and finally have satisfied all of
12 its obligations to Class Counsel, or any of them, concerning payment of attorneys' fees, costs and
13 expenses in the Action, and will forever and finally be absolved, released and discharged of any
14 liability whatsoever to Class Counsel, or any of them, concerning attorneys' fees in the Action. It
15 is further agreed that under no circumstances will Class Counsel, or any of them, sue HP for, or
16 because of, relating to, concerning, or as a result of any payment or allocation of attorneys' fees
17 and costs made in accordance with this Stipulation of Settlement; under no circumstances will
18 HP be liable to Class Counsel, or any of them, for, because of, relating to, concerning or as a
19 result of any payment or allocation of attorneys' fees made in accordance with this Stipulation of
20 Settlement; and Class Counsel, and each of them, release HP from any and all claims because of,
21 relating to, concerning, or as a result of any payment or allocation of attorneys' fees and costs
22 made in accordance with this Stipulation and Settlement.

23     52.     HP shall pay such attorneys' fees-and-expenses and class representative stipends
24 as awarded by the Court by wire to a trust account to be jointly established by Class Counsel
25 within fifteen (15) days of the Court's entry of the Final Judgment and Order, subject to
26 compliance with the terms of the Stipulation of Settlement. Class Counsel shall have discretion
27 to allocate the attorneys' fees amongst Class Counsel and Plaintiffs' Counsel as they may see fit
28 subject to the applicable rules of professional responsibility.

F.    ADMINISTRATION OF THE SETTLEMENT

53.    Within fourteen (14) days of the execution of this Stipulation of Settlement by the parties, HP will provide the Settlement Administrator information from the Registration Database and Contract Database reflecting the names and addresses of Class Members, to the extent such information is available.

54.    HP shall pay directly to the Settlement Administrator the reasonable costs, fees, and expenses of providing Notice to the Class in accordance with this Stipulation of Settlement.

55.    The Settlement Administrator shall administer the Settlement in accordance with the terms of this Stipulation of Settlement and, without limiting the foregoing, shall:

(a)    Prior to mailing the Notice to Class Members (which will occur in accordance with Paragraphs 34(e)(ii), 34(e)(iii) and 34(e)(iv)), the Settlement Administrator shall attempt to verify the physical addresses by consulting the National Change of Address ("NCOA") registry.    If a new address is located, the new address will be used by the Settlement Administrator for purposes of mailing the Notice;

(b)    Treat any and all documents, communications and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications or other information to any person or entity except as provided for in this Stipulation of Settlement or by court order;

(c)    Forward to HP all original documents and other materials received in connection with the administration of the Settlement; and

(d)    Receive exclusion forms and other requests from members of the Class to exclude themselves from the Settlement and provide to Class Counsel and Defense Counsel a copy thereof within three (3) days of receipt.    If the Settlement Administrator receives any exclusion forms or other requests from Class Members to exclude themselves from the Settlement after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide Class Counsel and Defense Counsel with copies thereof.

56. Proof of Claim forms will be: (a) attached to the Notice; and (b) made readily available from the Settlement Administrator, as provided in the Preliminary Approval Order.

57. Any Class Member who, in accordance with the terms and conditions of the Stipulation of Settlement, neither seeks exclusion from the Class nor files a Proof of Claim will not be entitled to receive any cash award, benefit, or any other relief pursuant to this Stipulation of Settlement, but will be bound together with all Class Members by all of the terms of this Stipulation of Settlement, including the terms of the Final Order and Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against any of the Released Persons concerning the Released Claims.

58. For purposes of determining the extent, if any, to which a Class Member shall be entitled to benefits under this Stipulation of Settlement, the following conditions apply:

(a) Each Class Member shall submit a single Proof of Claim for each Affected Model. When requested in the Proof of Claim, the Proof of Claim shall be signed under penalty of perjury;

(b) Proofs of claim may be rejected for, among other reasons, the following:

(i) Illegible Proof of Claim or supporting documentation;

(ii) Failure to fully complete and/or sign the Proof of Claim;

(iii) Failure to provide adequate proof of purchase if the same is required;

(iv) Failure to provide a receipt, invoice, or purchase order that clearly and legibly identifies the repair that was conducted and for which reimbursement is sought;

(v) Requesting reimbursement for repairs that are not covered by the terms of this Stipulation of Settlement or which cannot reasonably be considered an attempt to cure the Alleged Graphics Card Failure or Alleged Power Connector Failure;

(vi) The person submitting the Proof of Claim is not a Class Member;

(vii)    The person submitting the Proof of Claim received either a Rome Motherboard or a Power Connector Repair, except members of the Three-Day Repair Subclass;

(viii)    Any other reason contemplated by this Stipulation of Settlement; or

(ix)    Failure to submit a Proof of Claim by the Bar Date;

(c)    Any Class Member who fails to submit a Proof of Claim by the Bar Date shall be forever barred from receiving any benefit pursuant to this Stipulation of Settlement, but shall in all other respects be bound by all of the terms of this Stipulation of Settlement including the terms of the Final Order and Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against any of the Released Persons concerning any of the Released Claims. A Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark, or equivalent mark by a courier company indicated on the envelope or mailer and if mailed with pre-paid postage and addressed in accordance with the instructions set out in the Proof of Claim.

(d)    Each Proof of Claim shall be submitted to and reviewed by the Settlement Administrator, who shall determine in accordance with the terms and conditions of this Stipulation of Settlement the extent, if any, to which each claim shall be allowed. The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims, including, without limitation, indexing all discount certificates provided to Class Members by unique control number determined and marked on each discount certificate by the Settlement Administrator, and the name of the Class Member to whom each discount certificate has been provided.

(e)    Proofs of Claim that do not meet the terms and conditions of this Stipulation of Settlement shall be promptly rejected by the Settlement Administrator. The Settlement Administrator shall notify each Class Member whose Proof of Claim is rejected in whole or in part in writing. Defense Counsel and Class Counsel shall be copied on all such notifications to Class Members.

(f)     Any Class Member whose Proof of Claim is rejected shall be entitled to cure the insufficiency, and/or to dispute the Settlement Administrator's decision. A Class Member shall have fourteen (14) days from the receipt of any rejection letter to cure the insufficiency or dispute the Settlement Administrator's decision.

(g)     Defense Counsel and Class Counsel shall have the right to inspect the Proofs of Claim and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

59.     The Settlement Administrator shall distribute benefits to eligible Class Members on a date that occurs only after the Effective Date. In addition, the Repair Period shall not commence until at least thirty (30) days after either the Effective Date or the Bar Date (whichever occurs latest in time).

60.     All notification duties imposed by 28 U.S.C. § 1715, including the corresponding expenses, shall be borne by HP separately and in addition to any other obligation imposed herein.

## G.     BEST EFFORTS

61.     The parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the Settlement, including without limitation in seeking preliminary and final Court approval of the Stipulation of Settlement and the Settlement embodied herein, carrying out the terms of this Stipulation of Settlement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

62.     The parties and their counsel understand and agree that the administration of a class action lawsuit can be complex and that, from time to time after the entry of the Final Order and Judgment, unique, non-material issues with respect to individual Class Members may arise that are not directly covered by the terms of this Stipulation of Settlement. In the event any such issues arise, the parties and their counsel agree to cooperate fully with one another and to use best efforts to come to agreement, which agreement shall not be unreasonably withheld.

63. Each party will cooperate with the other party in connection with effectuating the Settlement or the administration of claims thereunder. Any requests for cooperation shall be narrowly tailored and reasonably necessary for the requesting party to recommend the Settlement to the Court, and to carry out its terms.

64. The parties understand that time is of the essence. The parties further agree that all confirmatory discovery must be completed no later than thirty-five (35) days from the execution of this Stipulation of Settlement.

**H.   CONSOLIDATION**

65. The parties and their counsel agree that, for purposes of effectuating the Settlement embodied herein and providing notice to Class Members, the Brothers Lawsuit and the Power-Plug Lawsuit should be consolidated pursuant to Local Civil Rule 3-12(a). For purposes of consolidating the Brothers Lawsuit and the Power-Plug Lawsuit, the parties agree to the entry of an order substantially in the form attached hereto as Exhibit "G."

66. Upon entry of an order consolidating the Brothers Lawsuit and the Power-Plug Lawsuit, the Action shall bear the following caption on all documents to be filed with the Court going forward, as well as on the Notice, Summary Notice and Proofs of Claim:

| In re: HP Power-Plug and Graphic Card Litigation | Case No. 06-2254-RMW |
|---|---|

In the event the Stipulation of Settlement is terminated pursuant to its terms, or the Effective Date for any reason does not occur, any order consolidating the Power-Plug Lawsuit and the Brothers Lawsuit shall be automatically vacated upon notice of the same to the Court, and both cases will proceed independently before Judges Whyte and Seeborg, respectively, and will return to the procedural status quo that existed prior to the entry of any order consolidating the cases for purposes of settlement.

1    **I.    MISCELLANEOUS PROVISIONS**

2         67.    All proceedings with respect to the administration, processing and determination

3    of Proofs of Claim or attorneys' fees described in this Stipulation of Settlement and the

4    determination of all controversies relating thereto, shall be subject to the continuing jurisdiction

5    of the Court.

6         68.    The parties agree that the recitals are contractual in nature and form a material part

7    of this Stipulation of Settlement.

8         69.    This Stipulation of Settlement and its accompanying Exhibits set forth the entire

9    understanding of the parties.  No change or termination of this Stipulation of Settlement shall be

10   effective unless in writing and signed by Defense Counsel and Class Counsel.  Any and all

11   previous agreements and understandings between or among the parties regarding the subject

12   matter of this Stipulation of Settlement, whether written or oral, are superseded by this Stipulation

13   of Settlement.

14        70.    This Stipulation of Settlement and the Settlement contemplated herein shall be

15   governed by, and construed in accordance with, the laws of the State of California, without regard

16   to conflict of laws principles.

17        71.    All of the parties warrant and represent that they are agreeing to the terms of this

18   Stipulation of Settlement based upon the legal advice of their respective attorneys, that they have

19   been afforded the opportunity to discuss the contents of this Stipulation of Settlement with their

20   attorneys and that the terms and conditions of this document are fully understood and voluntarily

21   accepted.

22        72.    This Stipulation of Settlement shall be construed as though it was jointly drafted

23   by all of the parties, and any rule of construction to the effect that ambiguities are resolved

24   against the drafting party shall not apply to the interpretation of this document.

25        73.    The waiver by any party of a breach of any term of this Stipulation of Settlement

26   shall not operate or be construed as a waiver of any subsequent breach by any party.  The failure

27   of a party to insist upon strict adherence to any provision of the Stipulation of Settlement shall

28   constitute a waiver or thereafter deprive such party of the right to insist upon strict adherence.

Case No. 06-1221(RS)                                26                    Case No. 06-2254 (RMW)

**STIPULATION OF SETTLEMENT**

1    74.    The headings in this Stipulation of Settlement are inserted merely for the purpose

2    of convenience and shall not affect the meaning or interpretation of this document.

3    75.    If any term or provision of this Stipulation of Settlement is adjudicated to be

4    invalid, unenforceable or void, then such term or provision shall be deemed severable from this

5    Stipulation of Settlement. In the event any term or provision is severed from this Stipulation of

6    Settlement as the result of an adjudication by a court, the remaining terms and conditions of the

7    Stipulation of Settlement shall continue to be given full force and effect.

8    76.    The provisions contained in this Stipulation of Settlement are not and shall not be

9    deemed a presumption, concession or admission by HP of any default, liability or wrongdoing as

10   to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, nor shall

11   they be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise

12   used by any person in the Action, or in any other action or proceeding, whether civil, criminal or

13   administrative. In particular, HP does not admit that it or any of the Released Persons has

14   engaged in any illegal or wrongful activity or that any person has sustained any damage by reason

15   of any of the facts complained of in the Action.

16   77.    This Stipulation of Settlement may be executed in counterparts, each of which

17   shall be deemed an original and all of which, when taken together, shall constitute one and the

18   same instrument. The date of execution shall be the latest date on which any party signs the

19   Stipulation of Settlement.

20

21

22

23

24

25

26

27

28

IN WITNESS WHEREOF, the parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the date set forth below.

Dated: 9/10/07

*Barry L McCoy*
Morgan, Lewis & Bockius LLP
*Attorneys for Hewlett-Packard Company*

Dated: _____

_____
Law Offices of Thomas D. Mauriello

Dated: _____

_____
Law Offices of Alan Himelfarb

Dated: _____

_____
Bramson, Plutzik, Mahler & Birkhaeuser, LLP

Dated: _____

_____
Kamber & Associates, LLC

Dated: _____

_____
Law Offices of Clifford A. Cantor, P.C.

Dated: _____

_____
Faruqi & Faruqi, LLP

Dated: _____

_____
Green Welling LLP
*Attorneys for Plaintiffs and Class*

Case No. 06-1221(RS)                     28                     Case No. 06-2254 (RMW)

STIPULATION OF SETTLEMENT

1    IN WITNESS WHEREOF, the parties hereto, by and through their respective attorneys, and

2    intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the

3    date set forth below.

4

5    Dated: _____        _____

6                                 Morgan, Lewis & Bockius LLP
                                   *Attorneys for Hewlett-Packard Company*
7

8    Dated: *August 24, 2007*      _____

9                                  Law Offices of Thomas D. Mauriello

10

11   Dated: _____        _____

12                                 Law Offices of Alan Himelfarb

13

     Dated: _____        _____
14
                                   Bramson, Plutzik, Mahler & Birkhaeuser, LLP
15

16   Dated: _____        _____

17                                 Kamber & Associates, LLC

18

19   Dated: _____        _____

20                                 Law Offices of Clifford A. Cantor, P.C.

21

22   Dated: _____        _____

23                                 Faruqi & Faruqi, LLP

24

25   Dated: _____        _____

                                   Green Welling LLP
26                                 *Attorneys for Plaintiffs and Class*

27

28

Case No. 06-1221(RS)                    28                    Case No. 06-2254 (RMW)

**STIPULATION OF SETTLEMENT**

1       IN WITNESS WHEREOF, the parties hereto, by and through their respective attorneys, and

2  intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the

3  date set forth below.

4

5  Dated: _____

6                    Morgan, Lewis & Bockius LLP
*Attorneys for Hewlett-Packard Company*

7

8

9  Dated: _____

10                  Law Offices of Thomas D. Mauriello

11  Dated: _9 · 4 · 0 7_

12                  Law Offices of Alan Himelfarb

13  Dated: _____

14                  Bramson, Plutzik, Mahler & Birkhaeuser, LLP

15

16  Dated: _____

17                  Kamber & Associates, LLC

18

19  Dated: _____

20                  Law Offices of Clifford A. Cantor, P.C.

21

22  Dated: _____

23                  Faruqi & Faruqi, LLP

24

25  Dated: _____

26                  Green Welling LLP
*Attorneys for Plaintiffs and Class*

27  /

28

Case No. 06-1221(RS)           28           Case No. 06-2254 (RMW)

**STIPULATION OF SETTLEMENT**

1    IN WITNESS WHEREOF, the parties hereto, by and through their respective attorneys, and

2    intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the

3    date set forth below.

4

5    Dated: _____

6                                            Morgan, Lewis & Bockius LLP
                                             *Attorneys for Hewlett-Packard Company*
7

8

9    Dated: _____
                                             Law Offices of Thomas D. Mauriello
10

11   Dated: _____

12                                           Law Offices of Alan Himelfarb

13   Dated: 9/4/07

14                                           Bramson, Plutzik, Mahler & Birkhaeuser, LLP

15

16   Dated: _____

17                                           Kamber & Associates, LLC

18

19   Dated: _____

20                                           Law Offices of Clifford A. Cantor, P.C.

21

22   Dated: _____

23                                           Faruqi & Faruqi, LLP

24

25   Dated: _____

26                                           Green Welling LLP
                                             *Attorneys for Plaintiffs and Class*
27

28

Case No. 06-1221(RS)                         28                        Case No. 06-2254 (RMW)

STIPULATION OF SETTLEMENT

1    IN WITNESS WHEREOF, the parties hereto, by and through their respective attorneys, and

2    intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the

3    date set forth below.

4

5    Dated: _____

6                                    _____
                                     Morgan, Lewis & Bockius LLP
7                                    *Attorneys for Hewlett-Packard Company*

8

9    Dated: _____

10                                   _____
                                     Law Offices of Thomas D. Mauriello

11   Dated: _____

12                                   _____
                                     Law Offices of Alan Himelfarb

13

14   Dated: _____       _____
                                     Bramson, Plutzik, Mahler & Birkhaeuser, LLP

15

16   Dated: 8/24/07                  _____

17                                   Kamber & Associates, LLC

18

19   Dated: _____

20                                   _____
                                     Law Offices of Clifford A. Cantor, P.C.

21

22   Dated: _____

23                                   _____
                                     Faruqi & Faruqi, LLP

24

25   Dated: _____

26                                   _____
                                     Green Welling LLP
27                                   *Attorneys for Plaintiffs and Class*

28

Case No. 06-1221(RS)                      28                     Case No. 06-2254 (RMW)

STIPULATION OF SETTLEMENT

1   IN WITNESS WHEREOF, the parties hereto, by and through their respective attorneys, and

2   intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the

3   date set forth below.

4

5   Dated: _____     _____

6                                  Morgan, Lewis & Bockius LLP
                                   *Attorneys for Hewlett-Packard Company*
7

8

9   Dated: _____     _____
                                   Law Offices of Thomas D. Mauriello
10

11  Dated: _____     _____
                                   Law Offices of Alan Himelfarb
12

13  Dated: _____     _____

14                                 Bramson, Plutzik, Mahler & Birkhaeuser, LLP

15

16  Dated: _____     _____

17                                 Kamber & Associates, LLC

18

19  Dated: *Aug. 24, 2007*         _____

20                                 Law Offices of Clifford A. Cantor, P.C.

21

22  Dated: _____     _____

23                                 Faruqi & Faruqi, LLP

24

25  Dated: _____     _____
                                   Green Welling LLP
26                                 *Attorneys for Plaintiffs and Class*

27

28

Case No. 06-1221(RS)                 28              Case No. 06-2254 (RMW)

**STIPULATION OF SETTLEMENT**

1      IN WITNESS WHEREOF, the parties hereto, by and through their respective attorneys, and

2    intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the

3    date set forth below.

4

5    Dated: _____

6                  _____
                     Morgan, Lewis & Bockius LLP

7                     *Attorneys for Hewlett-Packard Company*

8

9    Dated: _____
                     _____

10                   Law Offices of Thomas D. Mauriello

11   Dated: _____
                     _____

12                   Law Offices of Alan Himelfarb

13   Dated: _____

14                   _____
                   Bramson, Plutzik, Mahler & Birkhaeuser, LLP

15

16   Dated: _____
                     _____

17                   Kamber & Associates, LLC

18

19   Dated: _____
                     _____

20                   Law Offices of Clifford A. Cantor, P.C.

21

22   Dated: _8-31.07_
                     _____

23                   Faruqi & Faruqi, LLP

24

25   Dated: _____
                     _____

26                   Green Welling LLP
                     *Attorneys for Plaintiffs and Class*

27

28

Case No. 06-1221(RS)          28          Case No. 06-2254 (RMW)

STIPULATION OF SETTLEMENT

IN WITNESS WHEREOF, the parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the date set forth below.

Dated: _____    _____
                            Morgan, Lewis & Bockius LLP
                            *Attorneys for Hewlett-Packard Company*

Dated: _____    _____
                            Law Offices of Thomas D. Mauriello

Dated: _____    _____
                            Law Offices of Alan Himelfarb

Dated: _____    _____
                            Bramson, Plutzik, Mahler & Birkhaeuser, LLP

Dated: _____    _____
                            Kamber & Associates, LLC

Dated: _____    _____
                            Law Offices of Clifford A. Cantor, P.C.

Dated: _____    _____
                            Faruqi & Faruqi, LLP

Dated: *August 29, 2007*    _____
                            Green Welling LLP
                            *Attorneys for Plaintiffs and Class*

Case No. 06-1221(RS)                    28                    Case No. 06-2254 (RMW)
                        STIPULATION OF SETTLEMENT

1

2     Dated: *Sept 7, 2007*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HEWLETT-PACKARD COMPANY

By: _____

Its: _SVP, Notebook GBU, HP_

# EXHIBIT A

1  HOWARD HOLDERNESS (SBN 169814)     ANTONIO VOZZOLO
   THOMAS R. GREEN (SBN 203480)       FARUQI & FARUQI LLP
2  MORGAN, LEWIS & BOCKIUS LLP        369 Lexington Ave., 10ᵗʰ Floor
   One Market, Spear Street Tower     New York, NY 10017
3  San Francisco, CA 94105            Tel: 212.983.9330; Fax: 212.983.9331
   Tel: 415.442.1000; Fax: 415.442.1001   avozzolo@faruqilaw.com
4  hholderness@morganlewis.com
   tgreen@morganlewis.com             JENELLE WELLING (SBN 209480)
5                                     CHARLES D. MARSHALL (SBN 23644)
   JOHN F. SCHULTZ (*PRO HAC VICE*)   GREEN WELLING LLP
6  BARRY L. McCOY (*PRO HAC VICE*)    595 Market Street, Suite 2750
   MORGAN, LEWIS & BOCKIUS LLP        San Francisco, CA  94105
7  1701 Market Street                 Tel: 415.477.6700; Fax: 415.477.6710
   Philadelphia, PA 19103             cand.uscourts@classcounsel.com
8  Tel: 215.963.5000; Fax: 215.963.5001
   john.schultz@morganlewis.com       Attorneys for Plaintiffs
9  bmccoy@morganlewis.com
                                      [*Other Counsel for Plaintiffs Are Listed*
10 Attorneys for Defendant            *On The Signature Page of Stipulation of Settlement*]
   HEWLETT-PACKARD COMPANY
11

12              **UNITED STATES DISTRICT COURT**

13             **NORTHERN DISTRICT OF CALIFORNIA**

14                    **SAN JOSE DIVISION**

15
   ┌─────────────────────────────────────┐
16 │ In re: HP Power Plug and             │  Case No. 06-2254 (RMW)
   │ Graphic Card Litigation              │
17 └─────────────────────────────────────┘

18        **[PROPOSED] ORDER GRANTING FINAL APPROVAL TO**
          **CLASS ACTION SETTLEMENT AND FINAL JUDGEMENT**
19
20        On _____, 2007, this Court granted preliminary approval of the proposed class

21  action Settlement between the parties.

22        The Court also provisionally certified a nationwide Class for settlement purposes,

23  approved the procedure for giving notice and forms of Notice, and set a final fairness hearing to

24  take place on January 25, 2008.  The Class is defined as: (a)  all end-users in the United States

25  who purchased or received as a gift either an Affected Power Connector Model (as defined in the

26  Stipulation of Settlement) or an Affected Graphics Card Model (as defined in the Stipulation of

27  Settlement); and (b) a "Three-Day Repair" subclass that: (i) purchased an Affected Graphics Card

28
                                                                    Case No. 06-2254 (RMW)

Model (as defined in the Stipulation of Settlement) and experienced a graphics card failure; (ii) also purchased a contract from Hewlett-Packard Company ("HP") promising to pick up, repair and/or exchange, and return the Affected Graphics Card Model within three business days; and (iii) did not receive the repair and/or exchange within the promised three business day period.

On January 25, 2008, the Court held a duly noticed final fairness hearing to consider: (1) whether the terms and conditions of the Stipulation of Settlement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the named plaintiffs' complaints on the merits and with prejudice in favor of the Defendant and against all persons or entities who are Class members herein who have not requested exclusion from the Class; and (3) whether and in what amount to award counsel for the Class as attorneys' fees and expenses and whether and in what amount to award the class representatives as compensation.

The Court, having considered all matters submitted to it at the hearing and otherwise; and it appearing that the Notice substantially in the form approved by the Court was given in the manner that the Court ordered to all persons or entities reasonably identifiable who purchased or received as gifts the computer models at issue, as shown by the records of the Defendant, and that a Summary Notice in the form approved by the Court was published in USA Today and PC Magazine in the manner that the Court ordered.

The Court, having considered and determined that the proposed settlement of the claims of the Class members against the Defendant, as well as the release of the Defendant and the Released Persons, and the awards of attorneys' fees and expenses requested and class representative compensation requested, are fair, reasonable and adequate, hereby orders:.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Stipulation, including the definitions contained therein, is incorporated by reference into this Final Judgment.

**ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT**

2.     The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Plaintiffs have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class Members predominate over any questions affecting any individual Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

3.     Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies this action as a nationwide class action on behalf of: (a) all end-users in the United States who purchased or received as a gift either an Affected Power Connector Model (as defined in the Stipulation of Settlement) or an Affected Graphics Card Model (as defined in the Stipulation of Settlement); and (b) the subclass that: (i) purchased an Affected Graphics Card Model (as defined in the Stipulation of Settlement) and experienced a graphics card failure; (ii) also purchased a contract from HP promising to pick up, repair and/or exchange, and return the Affected Graphics Card Model within three business days; and (iii) did not receive the repair and/or exchange within the promised three business day period. Excluded from the Class are those persons who have already received a "Rome Motherboard Repair" free of charge (as defined in the Stipulation of Settlement), except those persons who are part of the Three-Day Repair Subclass (as defined in the Stipulation of Settlement); those persons who have already received a "Power Connector Repair" free of charge (as defined in the Stipulation of Settlement); and all persons who are employees, directors, officers, and agents of HP or its subsidiaries and affiliated companies, as well as the Judges of the Court in which the Action is pending.

Case No. 06-2254 (RMW)

**ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT**

4.      The Court appoints Green Welling LLP, Kamber & Associates, LLC, and Faruqi & Faruqi, LLP as counsel for the Class.  The Court designates named plaintiffs Michael Brothers, Gregory McDaniel, James Scripps, Allen Moser, Jr., Christopher Wu, Keaka Okada, and Robyn Greaves as the Class Representatives.

5.      Notice of the pendency of this action as a class action and of the proposed settlement was given individually to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the Litigation as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.  Publication notice was also given in one newspaper and one magazine.

6.      The Stipulation is approved as fair, reasonable and adequate, and the Class members and the parties are directed to consummate the Stipulation of Settlement in accordance with its terms and conditions.

7.      Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel attorneys' fees and expenses in the amount of $_____.  The Court also awards stipends in the amount of $3,000 to each Class Representative.  These amounts are to be paid by HP in the time and manner described in the Stipulation of Settlement.  Such amounts are in lieu of statutory fees to which the Class Representatives might otherwise be entitled.

8.      The Litigation is hereby dismissed with prejudice and without costs as against the Defendant and the Released Persons.  Specifically, the following matters are to be dismissed with prejudice:

(a)     *In re Power Plug Litigation*, Case No. 06-1221

(b)     *James Scripps v. Hewlett Packard Company*, Case No. 06-1221

(c)     *Allen Moser, Jr. and Christopher Wu v. Hewlett-Packard Company*, Case No. 06-2325;

(d)     *Keaka Okada and Robyn Greaves v. Hewlett-Packard Company*, Case No. 06-2367; and

(e)     *Michael Brothers and Gregory McDaniel v. Hewlett-Packard Company*, Case No. 06-2254.

9.     Upon the Effective Date, Plaintiffs and all Class Members are permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all of the Released Claims against any of the Released Persons.

10.     Upon the Effective Date, the Defendant and Released Persons, by operation of this Final Judgment, shall be fully, finally, and forever released, relinquished, and discharged by the Plaintiffs, each and all of the Class Members, and Plaintiffs' and Class counsel from all claims relating to, arising out of or connected with the instruction, prosecution, assertion, settlement, or resolution of the litigations and/or the Released Claims. In addition, upon the Effective Date, the Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits by virtue of the proceedings herein and this Final Judgment. Notwithstanding the foregoing, nothing herein shall be construed as a release of HP from carrying out its obligations under the Stipulation of Settlement should the Effective Date occur.

11.     Neither the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)     offered by any person or received against the Defendant as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendant of the truth of the facts alleged by the Plaintiffs or any Class member or the

**ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT**

validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of the Defendant;

(b)     offered by any person or received against the Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Defendant or any other wrongdoing by the Defendant;

(c)     offered by any person or received against the Defendant or as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Stipulation of Settlement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto) or the Final Judgment, or in which the reasonableness, fairness, good faith of the parties in participating in the Settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the settlement, the Final Judgment, or the Proofs of Claim and Release as to the Defendant, Plaintiffs, or the Class members; or

(d) offered by any person or received against any Plaintiff or Class Representative as evidence or construed as or deemed to be evidence that any of their claims in any of the cases consolidated herein lack merit.

12.     Without affecting the finality of this Final Judgment in any way, this Court hereby

6                     Case No. 06-2254 (RMW)

ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT

1  retains continuing jurisdiction over: (a) the disposition of the settlement benefits; and (b) the

2  settling parties for purposes of construing, enforcing and administering the Stipulation of

3  Settlement.

4        13.    Without further order of the Court, the settling parties may agree to reasonably

5  necessary extensions of time to carry out any of the provisions of the Stipulation of Settlement.

6        14.    In the event that the Effective Date does not occur, this Order and Final Judgment

7  shall automatically be rendered null and void and shall be vacated and, in such event, all orders

8  entered and releases delivered in connection herewith shall be null and void.

9

10

11

12        DONE this ___ day of _____, 2008.

13

14                                    _____
                                      Ronald M. Whyte
15                                    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT**

**EXHIBIT B**

**If you purchased a Hewlett-Packard or Compaq notebook computer, you may benefit from a Proposed Class Action Settlement**

**HP zd7000, HP Compaq nx9500, HP zx5000, zv5000, R3000 or HP Compaq nx9100 series notebooks are affected**

*The Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- A Proposed Settlement has been reached in a consolidated class action lawsuit. The lawsuit claims that Hewlett-Packard ("HP") sold certain notebook computers with allegedly defective graphics cards that had the potential to cause the notebook computers to overheat and eventually fail, resulting in unexpected shut downs, crippled graphics capabilities, or permanent damage to the motherboard (a "graphics card failure"); and sold other notebook computers with allegedly defective power jacks that failed, rendering the computer inoperable or unable to recharge the battery power source of the computer (a "power connector failure"). The lawsuit also claims that HP sold some Class Members separate extended service contracts with a promise to pick up, repair and return the Affected Graphics Card Models (as defined below) within three business days, but failed to meet the three day promise. HP denies all these claims. The Court did not rule in favor of Plaintiffs or Defendant. Instead, the parties agreed to a Proposed Settlement in order to avoid the expense and risks of continuing the lawsuit.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

- If you are eligible, the Proposed Settlement will provide: (1) free repairs, including free roundtrip shipping and handling costs and a limited warranty covering such repairs; or (2) reimbursements of up to $650 for certain repairs that you paid for; or (3) a Discount Certificate for future purchases on select HP products

- You are a Class Member if you purchased either an HP zd7000, HP Compaq nx9500, HP zx5000, zv5000, R3000 or HP Compaq nx9100 series notebook computers AND the model purchased bears one of the affected Stock Keeping Unit ("SKU") and serial numbers on the computer label (see Pages 3-4 below for the listing of SKU numbers).

- You are not part of the class if: (a) you purchased a listed model but it does not bear one of the affected SKU or serial numbers; (b) your HP zd7000 series notebook computer or HP Compaq nx9500 business notebook computer was already repaired with a new motherboard and graphics card from the "Rome" series of notebook computers free of charge to you; or (c) your HP zx5000, zv5000, R3000 or HP Compaq nx9100 series notebook computer was already repaired with a new power jack or motherboard free of charge to you. See question 5 on pages 3-4, below.

- *Your rights are affected whether you act or don't act, so please read this Notice carefully.*

**YOUR RIGHTS AND CHOICES:**

| YOU MAY: | | DUE DATE |
|---|---|---|
| FILE A CLAIM FORM | This is the <u>only</u> way to get a repair, cash reimbursement, or a Discount Certificate. | *Postmarked* by *February 8, 2008* |
| OBJECT | Write to the Court about why you don't like the Proposed Settlement. | *Postmarked* by *December 31, 2007* |
| EXCLUDE YOURSELF | Ask to get out of the Proposed Settlement. If you do this, you cannot get any Settlement benefits, but you keep your right to sue HP yourself regarding the claims in the lawsuits. | *Postmarked* by *December 31, 2007* |
| APPEAR IN THE LAWSUIT OR GO TO A HEARING | Participate in the Proposed Settlement on your own or through your own lawyer. You can also ask to speak in Court about the Proposed Settlement. | *Postmarked* by *December 31, 2007* |
| DO NOTHING | You get no settlement benefits and you give up the right to sue HP on your own regarding the claims later. | |

- These rights and choices — **and the deadlines to exercise them** — are further explained in this Notice.
- The Court still has to decide whether to approve the Proposed Settlement. Benefits will be provided only if the Court approves the Proposed Settlement and after any appeals are resolved.

**WHAT THIS NOTICE CONTAINS**

**BASIC INFORMATION** ...................................................................................................................................3
1. Why did I get this Notice?
2. What are the lawsuits about?
3. Why is this a class action?
4. Why is there a Proposed Settlement?

**WHO IS IN THE PROPOSED SETTLEMENT CLASS** ...............................................................................3
5. How do I know if I'm part of the Proposed Settlement Class?
6. How do I know if my notebook computer is one of the models covered by the Proposed Settlement?
7. Are there exceptions to being included?

**THE PROPOSED SETTLEMENT BENEFITS – WHAT YOU MAY GET** ...................................................4
8. What does the Proposed Settlement provide?
9. What are Discount Certificates and what can I use them for?
10. What am I giving up to stay in the Class?

**HOW TO GET PROPOSED SETTLEMENT BENEFITS** .............................................................................6
11. How do I get a repair, reimbursement or a Discount Certificate?
12. What do I do if I didn't get a Claim Form in the mail or by e-mail?
13. When will I get my Proposed Settlement benefits?

**YOUR RIGHTS AND CHOICES – EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT** .......................................7
14. Can I get out of the Proposed Settlement and the Class?
15. How do I exclude myself from the Proposed Settlement?
16. If I don't exclude myself, can I still sue HP for the same things later?
17. If I exclude myself, can I get benefits from the Proposed Settlement?

**YOUR RIGHTS AND CHOICES – OBJECTING TO THE PROPOSED SETTLEMENT** ................................7
18. How do I tell the Court I don't like the Proposed Settlement?
19. What's the difference between objecting to the Proposed Settlement and excluding myself from the Proposed Settlement?

**YOUR RIGHTS AND CHOICES – APPEARING IN THE LAWSUIT** ..........................................................8
20. Can I appear or speak in this lawsuit and Proposed Settlement?
21. How can I appear in this lawsuit?

**IF YOU DO NOTHING**....................................................................................................................................9
22. What happens if I do nothing at all?

**THE LAWYERS REPRESENTING YOU** .....................................................................................................9
23. Do I have a lawyer in this case?
24. How much will the lawyers for the Class be paid, and how will they be paid?

**THE COURT'S FAIRNESS HEARING** .........................................................................................................9
25. When and where will the Court decide whether to approve the Proposed Settlement?
26. Do I have to come to the hearing?
27. Can I speak at the hearing?

**GETTING MORE INFORMATION** ..............................................................................................................10
28. Are more details about the lawsuit and Proposed Settlement available?
29. How do I get more information?

## BASIC INFORMATION

**1. Why did I get this Notice?**

If you received this Notice in the mail or by e-mail, you have been identified from available records as a purchaser of an HP notebook computer. You also may have received this Notice because you requested more information after reading the Publication Notice.

The Court ordered that you be given this Notice because you have the right to know about a Proposed Settlement of consolidated class actions filed against HP that may affect you. You have legal rights and choices to make before the Court decides whether to approve the Proposed Settlement.

This Notice explains:

- What the lawsuits are about.
- Who is included in the Proposed Settlement.
- How the Proposed Settlement may benefit you.
- What your legal rights are.
- How to get benefits of the Proposed Settlement.

**2. What are the lawsuits about?**

This lawsuit is a combination of four separate class actions filed against HP. One of those class actions claimed that the HP zd7000 and nx9500 series notebook computers were defective because the graphics cards in those computers generated significant heat. The action claimed that this heat caused the computer to shut down unexpectedly and caused permanent damage to the computer's motherboard. The lawsuit also claims that HP sold some Class Members separate extended service contracts with a promise to pick up, repair and return the Affected Graphics Card Models within three business days, but failed to meet the three day promise.

The other three class actions claimed that HP sold zx5000, zv5000, R3000 and HP Compaq nx9100 series notebook computers with a defective power jack. The actions claimed that any movement of the computer would loosen, weaken, and ultimately break the connection between the power jack and the computer's motherboard. The actions claimed that this problem rendered the computer inoperable or unable to recharge the battery power source of the computer.

HP denies all these claims. The Court did not rule in favor of Plaintiffs or Defendant. Instead, the parties agreed to a Proposed Settlement in order to avoid the expense and risks of continuing the combined lawsuit.

The Court in charge of this lawsuit is the United States District Court for the Northern District of California. All four actions are now combined as one lawsuit called *In re: HP Power Plug and Graphic Card Litigation*, No. 06-2254. The persons who sued are called the Plaintiffs, and the company being sued, Hewlett-Packard or HP, is called the Defendant.

**3. Why is this a class action?**

In a class action, one or more people, called Class Representatives, sue on behalf of other people who have similar claims. All these people together are a "Class" or "Class Members." One Court decides all the issues in the lawsuit for all Class Members, except for those who exclude themselves from the Class. In this lawsuit, the Class Representatives are asking the Court to decide the issues for all purchasers of certain HP notebook computers.

**4. Why is there a Proposed Settlement?**

The Court did not rule in favor of Plaintiffs or Defendant. Instead, the parties agreed to a Proposed Settlement in order to avoid the expense and risks of continuing the lawsuits. The Class Representatives and the attorneys think the Settlement is best for all Class members.

## WHO IS IN THE PROPOSED SETTLEMENT CLASS

**5. How do I know if I'm part of the Proposed Settlement Class?**

You are a Class Member if you purchased or received as a gift an Affected Graphics Card or Affected Power Connector Model notebook computer as follows:

- **Affected Graphics Card Models**: **(a)** an HP zd7000 series, which bears one of the following SKU numbers on the computer label: (i) DN730AV; (ii) DN730AVR; (iii) DU887AV; (iv) DU887AVR; (v) DU888AV; (vi) DU888AVR; (vii) PD294AV; (viii) PD295AV; (ix) PF163UA; (x) PF163UAR; (xi) PF164UA; (xii) PF164UAR; (xiii) PF166UA; (xiv) PF166UAR; (xv) PF167UA; (xvi) PF167UAR; (xvii) PF169UA; (xviii) PF169UAR; (xix) PM018UA; (xx) PM018UAR; (xxi) PM021UA; or (xxii) PM021UAR; or **(b)** an **HP Compaq nx9500** series, which bears one of the following SKU numbers on the computer label: (i) PF031UA; (ii) PF030UA; or (iii) PF032UA.

- **Affected Power Connector Models**: **(a)** an **HP zx5000, zv5000, or R3000** series that has a serial number of xxx409xxxx or lower and which bears one of the following SKU numbers on the computer label: (i) DX995U; (ii) DS481U; (iii) DS479U; (iv) DV563AT; (v) DV562AT; (vi) DV561AT; (vii) DZ314U; (viii) DZ313U; (ix) DS477U; (x) DS476U; (xi) DS474U; (xii) DS472U; (xiii) DS471U; (xiv) DS473U; (xv) DR892A; (xvi) DR891A; (xvii) PC897U; (xviii) DU912U; (xix) DU910U; (xx) DS502A; (xxi) DU913U; (xxii) DU607A; (xxiii) DU608A; (xxiv) PC896U; (xxv) DZ329U; (xxvi) DZ332U; (xxvii) DZ330U; (xxviii) DS516U; (xxix) DS515U; (xxx) DS513U; (xxxi) DS512U; (xxxii) DS511U; (xxxiii) DV192AT; (xxxiv) DZ191AT; (xxxv) DZ338U; or (xxxvi) DZ337U; or **(b)** an **HP Compaq nx9100** series that has a serial number of xxx409xxxx or lower and which bears one of the following SKU numbers on the computer label: (i) DV102U; (ii) DW787AA; (iii) DW786AA; or (iv) DV112U; or **(c)** an **HP zd7000** series that has a serial number of xxx420xxxx or lower and which bears one of the following SKU numbers on the computer label: (i) DM788A; (ii) DM789A; (iii) DM790A; (iv) DM791A; (v) DM793A; (vi) DP446U; (vii) DP447U; (viii) DP448U; (ix) DP684AS; (x) DR089U; (xi) DR341U; (xii) DS487U; (xiii) DS488U; (xiv) DS489U; (xv) DS490U; (xvi) DS491U; (xvii) DS492U; (xviii) DT859U; (xix) DT860U; (xx) DV601U; (xxi) DZ378U; (xxii) PF163UA; (xxiii) PF164UA; (xxiv) PF166UA; (xxv) PF167UA; (xxvi) PF168UA; (xxvii) PF169UA; (xxviii) PM016UA; (xxix) PM018UA; (xxx) PM019UA; or (xxxi) PM021UA; or **(d)** an **HP Compaq nx9500** series that has a serial number of xxx420xxxx or lower and which bears one of the following SKU numbers on the computer label: (i) PF030UA; (ii) PF031UA; (iii) PF032UA; (iv) PR039UA; or (v) PR040UA.

You must have purchased the computer for your own use or received it as a gift (and not for resale or distribution).

You are also a Member of a Three-Day Repair Subclass and may be eligible for additional relief (see Section 8(D) below) if you purchased one of the Affected Graphics Card Models listed above _and_ an Extended Service or other similar plan which required HP to conduct repairs within a three business day time frame.

**6.  How do I know if my notebook computer is one of the models covered by the Proposed Settlement?**

You can check to see if your HP notebook computer is one of the ones listed above by: (a) looking on the front panel of the computer for the model number; and (b) looking on the bottom of the computer for the SKU number and serial number. You can also find the model number in the User's Guide that came with your computer. If you have any trouble finding the model number, SKU number, or serial number, you can visit the Proposed Settlement website at www.hpnotebooksettlement.com for further instructions.

**7.  Are there exceptions to being included?**

You are not part of the class if: (a) your computer model, SKU number, and/or serial number do not match with those in the above list; (b) your HP zd7000 series notebook computer or HP Compaq nx9500 business notebook computer was already repaired with a new motherboard and graphics card from the "Rome" series of notebook computers, free of charge to you, except those persons who are part of the Three-Day Repair Subclass; or (c) your HP zx5000, zv5000, R3000 or HP Compaq nx9100 series notebook computer was already repaired with a new power jack or motherboard, free of charge to you.

All persons who are employees, directors, officers and agents of HP or its subsidiaries and affiliated companies, as well as the Judges of the Court in which the Action is pending, are also excluded.

## THE PROPOSED SETTLEMENT BENEFITS – WHAT YOU MAY GET

**8.  What does the Proposed Settlement provide?**

The Proposed Settlement provides for different benefits to be sent to eligible Class Members who complete and send in a valid Claim Form. The categories of benefits are as follows:

### A. **You'll receive a free repair if you:**

(1) Have not had your Affected Graphics Card Model repaired with a new motherboard and graphics card from the "Rome" series of HP notebook computers; *or* the graphics card in your Affected Graphics Card Model has not been replaced with something other than an nVidia NV36 graphics card; *or* have not had the original HP-installed power connector in your Affected Power Connector Model replaced; *and*

(2) Send your computer to HP (or another party designated by HP) to have your computer repaired during the 90-day time frame to be later designated by the Court; *and*

(3) File a Claim Form where you certify, under penalty of perjury, that: (a) your notebook computer is an Affected Graphics Card Model or an Affected Power Connector Model; and (b) the graphics card in your Affected Graphics Card Model has not been replaced with something other than a nVidia NV36 graphics card or the original HP-installed power connector in your Affected Power Connector Model has not been replaced.

### B. **You'll receive up to $650 to reimburse you for money you spent to repair your computer if you:**

(1) Paid HP or a third party for repairs for a power connector or graphics card failure; *and*

(2) File a Claim Form where you certify, under penalty of perjury, that the repairs were made in an attempt to cure a graphic card failure (for Affected Graphics Card Models) or to repair the power connector due to a power connector failure (for Affected Power Connector Models); *and*

(3) Submit a receipt, invoice, or other purchase order that clearly and legibly identifies the repairs that were conducted. If a credit card receipt or statement is submitted, you must also describe the repair that was conducted.

- **Note: Only hardware repairs will be reimbursed. The purchase of a new computer, operating system, software of any kind, or any other expenditure not reasonably considered a repair of the graphics card or power connector will not be reimbursed.**

### C. **You'll receive a $50 Discount Certificate for use with selected HP products if you:**

(1) Own an Affected Graphics Card Model; *and*

(2) Received from HP a repair by accepting a downgraded graphics card (nVidia NV 31, 34 or 18 graphics card); *and*

(3) Did not receive at least one of the following incentives in connection with the agreement to use the downgraded graphics card: (a) 1 GB Flash Drive; (b) 1 GB SD Card; (c) noise cancelling head phones; (d) tech kit (which included mouse, headphones, modem cable, USB cable, and USB hub); or (e) HP Backpack, *and*

(4) File a Claim Form where you certify, under penalty of perjury, that: (a) your notebook computer experienced the graphic card failure; (b) you agreed to a repair with the downgraded graphics card; and (c) you did not receive at least one of the incentives identified in the foregoing paragraph in connection with your agreement to accept the downgraded graphics card.

#### OR

(1) Do not wish to have your notebook computer repaired; *and*

(2) File a Claim Form where you certify, under penalty of perjury, that: (a) your notebook computer is an Affected Graphics Card or Power Plug Model; and (b) you will not seek a repair under the procedures set forth in Section 8(A), above.

### D. **You'll receive a $30 Discount Certificate for use with selected HP products if you:**

(1) Own an Affected Graphics Card Model; *and*

(2) Purchased an Extended Service or other similar plan that required HP to conduct repairs within a three business day time frame; *and*

(3) Received a repair for a graphic card failure but not within the three business day time frame as set forth in your plan; *and*

(4) File a Claim Form where you certify, under penalty of perjury, that: (a) your notebook computer experienced the graphic card failure; and (b) your notebook computer was not picked up, repaired and/or replaced, and returned within the three business day time frame set forth in your plan. You must also provide your contract number for the Extended Service or other similar plan.

**If you did not receive notice of the Proposed Settlement directly from HP, either by e-mail or mail, you will be required to provide proof of ownership of your notebook computer when submitting your Claim Form. Such proof may be in the following forms: a receipt, cancelled check, account statement, purchase order, or other similar documentation that reflects the eligible purchase.**

## 9. What are Discount Certificates and what can I use them for?

Discount Certificates can be redeemed only by phone to HP or at www.hpshopping.com. You cannot use a Discount Certificate with any other rebate or coupon for HP products. You also cannot use more than one Discount Certificate for a purchase of the same product. Discount Certificates are valid for six months and can be transferred to members of your immediate family only.

The products available to purchase with the Discount Certificate will be from the product categories listed below. The specific products eligible for purchase will be determined at a later date.

- Specialty Notebook Cases
- Notebook Memory Devices (such as memory sticks)
- AC Adaptors or Power Products
- Headphones
- Keyboard and/or Mice Kits
- Notebook Computers [1]
- Notebook Webcams [2]

## 10. What am I giving up to stay in the Class?

If you do not exclude yourself from the Class, then you are automatically in the Class if you own one of the notebook computers at issue in this lawsuit. If you stay in the Class, you can't sue or be part of any other lawsuit against HP about the claims in this lawsuit. In addition, if you stay in the Class, all the Court's orders will apply to you. By staying in the Class, you are agreeing to "release" any current or future claims you might have against HP that relate to the claims in this lawsuit. You can read the entire release in the Proposed Settlement Agreement, which you can find at the website, www.hpnotebooksettlement.com.

## HOW TO GET PROPOSED SETTLEMENT BENEFITS

## 11. How do I get a repair, reimbursement, or a Discount Certificate?

To obtain your repair, reimbursement, or Discount Certificate, you **must** complete a Claim Form and mail it ***postmarked by February 8, 2008*** to:

Power Plug & Graphic Card Litigation Settlement Administrator
P.O. Box 1898
Faribault, MN 55021-7153

If you received this Notice in the mail or by e-mail, a Claim Form is enclosed.

## 12. What do I do if I didn't get a Claim Form in the mail or by e-mail?

If you didn't receive a Claim Form in the mail or by e-mail, you can obtain the claim form in one of two ways:

(1) **By Phone:** Call toll-free, 1-800-555-5555.

(2) **By Mail:** Write to Power Plug & Graphic Card Litigation Settlement Administrator, P.O. Box 1898, Faribault, MN 55021-7153. Be sure to include your name and mailing address.

**If you did not receive notice of the Proposed Settlement directly from HP, either by e-mail or mail, you will be required to provide proof of ownership of your notebook computer when submitting your Claim Form. Such proof may be in any of the following forms: a receipt, cancelled check, account statement, purchase order, or other similar documentation that reflects the purchase.**

## 13. When will I get my Proposed Settlement benefits?

You may be eligible for a free repair, reimbursement, and/or Discount Certificates only after the Proposed Settlement is approved and becomes final. The Court will hold a hearing on ***January 25, 2008*** to decide whether to approve the

---

[1]    Some of HP's notebook computers are sold with instant rebates. In the event an instant rebate has a higher value than the Discount Certificate that is being used by a Class Member, only the instant rebate will be applied to the purchase. In the event the Discount Certificate has a higher value than the instant rebate, only the value of the Discount Certificate will be applied to the purchase. In the event a Class Member purchases a notebook computer and receives an instant rebate instead of using a Discount Certificate, the Class Member will be able to use his or her Discount Certificate on another eligible product.

[2]    Class Members are to be cautioned that the webcams may not necessarily be compatible with all Affected Graphics Card or Affected Power Connector Models.

Proposed Settlement. If the Court approves the Proposed Settlement, there may be appeals, and the Proposed Settlement can't become final until all appeals are resolved. It's always uncertain how long appeals will take – they can take many months or longer. You should check the website for updates on the status of the Proposed Settlement. Please be patient.

## YOUR RIGHTS AND CHOICES – EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT

### 14. Can I get out of the Proposed Settlement and the Class?

You can get out of the Proposed Settlement and the Class. This is called excluding yourself - or is sometimes referred to as "opting out" of the Settlement Class. If you exclude yourself, you can't get Proposed Settlement benefits and you can't object to the Proposed Settlement. But you keep the right to file your own lawsuit or join another lawsuit against HP about the claims in this lawsuit.

### 15. How do I exclude myself from the Proposed Settlement?

To exclude yourself, you must send a letter that contains all of the following:

- Your name and current address;
- A statement that you want to be excluded from the case *In re HP Power Plug and Graphic Card Litig.,* No. 06-2254;
- Your signature (or your lawyer's signature).

Your exclusion request must be signed, mailed and ***postmarked by December 31, 2007,*** to:

Power Plug & Graphic Card Litigation Settlement Administrator
P.O. Box 1898
Faribault, MN 55021-7153

You cannot exclude yourself on the phone or by e-mail.

### 16. If I don't exclude myself, can I still sue HP for the same things later?

No. Unless you exclude yourself, you give up the right to sue HP for the claims in this lawsuit. If you want to keep the right to sue HP in a new lawsuit, you have to exclude yourself from this Class and Proposed Settlement. Remember, any exclusion request must be signed, mailed, and ***postmarked by December 31, 2007.***

### 17. If I exclude myself, can I get any benefits from this Proposed Settlement?

No. If you exclude yourself, you can't get any Proposed Settlement benefits.

## YOUR RIGHTS AND CHOICES – OBJECTING TO THE PROPOSED SETTLEMENT

### 18. How do I tell the Court I don't like the Proposed Settlement?

If you're a Class Member and don't exclude yourself, you can tell the Court you don't like the Proposed Settlement or some part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views.

To object, you must send a letter that contains all of the following:

- Your name and current address, and your lawyer's name and address if you are objecting through counsel;
- The name of the lawsuit, *In re HP Power Plug and Graphic Card Litigation,* Case No. 06-2254;
- A statement of your objections and the reasons for each objection you make;
- A list of any documents you may give the Court to support your objections, if any;
- A list of any legal authorities you want the Court to consider;
- The names and addresses of any witnesses you want to call to testify, and a summary of the witnesses' expected testimony;
- Documentary proof that you are a Class Member (for example, a copy of warranty records, or a receipt that shows the purchase of an eligible model);
- If you (or your lawyer) want to appear and speak at the Fairness Hearing, a statement that you wish to appear and speak; *and*

- Your signature (or your lawyer's signature).

Your objection must be signed, mailed and ***postmarked by December 31, 2007,*** to the Court at:

Clerk of Court
United States District Court
Northern District of California
280 South First Street
Room 2112
San Jose, CA 95113

Copies of your objection ***must also*** be signed, mailed and ***postmarked by December 31, 2007***, to the following four addresses:

| Counsel for the Class: | Counsel for the Class: | Counsel for the Class: | Counsel for HP: |
|---|---|---|---|
| Dana B. Rubin | Anthony Vozzolo | Charles D. Marshall | John F. Schultz |
| Kamber & Associates, LLC | Faruqi & Faruqi, LLP | Green Welling LLP | Barry L. McCoy |
| 11 Broadway, 22nd Floor | 369 Lexington Ave., 10th | 595 Market St. # 2750 | Morgan, Lewis & Bockius LLP |
| New York, NY 10004 | Floor. | San Francisco, CA 94105 | 1701 Market St. |
| | New York, NY 10017 | | Philadelphia, PA 19103 |

If you object through a lawyer, you will have to pay for the lawyer yourself.

**19. What's the difference between objecting to the Proposed Settlement and excluding myself from the Proposed Settlement?**

Objecting is the way to tell the Court what you don't like about the Proposed Settlement. You can object only if you stay in the Class and don't exclude yourself.

Excluding yourself is the way to tell the Court you do not want to be a part of the Class and the Proposed Settlement, and that you want to keep the right to file your own lawsuit. If you exclude yourself, you cannot object because the Proposed Settlement no longer will affect you.

## YOUR RIGHTS AND CHOICES – APPEARING IN THE LAWSUIT

**20. Can I appear or speak in this lawsuit and Proposed Settlement?**

As long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself in this lawsuit and Proposed Settlement. This is called making an appearance. You can also have your own lawyer speak for you, but you will have to pay for the lawyer yourself.

**21. How can I appear in this lawsuit?**

If you want yourself or your own lawyer (instead of Class Counsel) to participate or speak for you in this lawsuit, you must give the Court a paper that is titled a "Notice of Appearance." The Notice of Appearance must contain the title of the lawsuit, a statement that you wish to appear at the Fairness Hearing, and the signature of you or your lawyer.

Your Notice of Appearance can also state that you or your lawyer would like to speak at the Court's Fairness Hearing on the Proposed Settlement. If you submit an objection (see question 18 above) and would like to speak about the objection at the Court's Fairness Hearing, both your Notice of Appearance and your objection should include that information too.

Your Notice of Appearance must be signed, mailed and ***postmarked by December 31, 2007***, to the Court at:

Clerk of Court
U.S. District Court
Northern District of California
280 South First Street
Room 2112
San Jose, CA 95113

Copies of your Notice of Appearance must also be signed, mailed and ***postmarked by December 31, 2007,*** to the same four addresses appearing on page 8 of this Notice, in question 18.

## IF YOU DO NOTHING

### 22. What happens if I do nothing at all?

If you do nothing:

- You will stay a member of the Class and all of the Court's orders will apply to you.
- You will not get a repair, reimbursement, or Discount Certificate. You will only be eligible to receive benefits under the Settlement if you file a Claim Form with appropriate information.
- You won't be able to sue, or join a new lawsuit against HP, about the issues and claims in this lawsuit, ever again, unless you exclude yourself.

## THE LAWYERS REPRESENTING YOU

### 23. Do I have a lawyer in this case?

Yes. The Court has appointed lawyers to represent you and all Class Members. The Court has appointed the following law firms to represent the Class:

| | | |
|---|---|---|
| Kamber & Associates, LLC | Faruqi & Faruqi, LLP | Green Welling LLP |
| Dana B. Rubin | Antonio Vozzolo | Charles D. Marshall |
| 11 Broadway, 22nd Floor | 369 Lexington Ave., 10th Floor | 595 Market St. # 2750 |
| New York, NY 10004 | New York, NY 10017 | San Francisco, CA 94105 |

Together, these lawyers are called Class Counsel. You will not be charged for these lawyers.

### 24. How much will lawyers for the Class Counsel be paid and how will they be paid?

Class Counsel will ask the Court to approve payment of attorneys' fees and expenses of no more than $1,600,000. Class Counsel will also ask the Court to award each of the named Plaintiffs $3,000. HP will pay the amounts awarded by the Court. The Proposed Settlement benefits won't be reduced by HP's payment of Class Counsel's attorneys' fees and expenses or the awards to the Class Representatives. HP will also separately pay the costs to administer the Settlement.

## THE COURT'S FAIRNESS HEARING

### 25. When and where will the Court decide whether to approve the Proposed Settlement?

The Court will hold a Fairness Hearing at 9:00 a.m. on _**January 25, 2008**_. The Court is located at 280 South First Street, San Jose, CA 95113. At this hearing, the judge will consider all objections, if any, and will consider whether the Proposed Settlement is fair, reasonable, and adequate to the Class. The judge will listen to people who have asked to speak at the hearing. The judge may also decide how much to award to Class Counsel for their fees and expenses. At or after the hearing, the judge will decide whether to approve the Proposed Settlement. We do not know how long these decisions will take.

### 26. Do I have to come to the hearing?

You don't have to come to the hearing. Class Counsel will answer questions the Court has. But you and/or your lawyer are welcome to come at your own expense. If you send an objection, you don't have to come to the hearing for the judge to consider it.

### 27. Can I speak at the hearing?

You can ask the Court to allow you (or your lawyer) to speak at the hearing. To do so, you or your lawyer must file a Notice of Appearance that says you wish to speak. You can find how to file a Notice of Appearance, and the due date for filing, in question 21 on pages 8-9 of this Notice. If you submit an objection and wish to speak about it at the Fairness Hearing, you must include that information in your objection (see question 18 on pages 7-8).

You cannot speak at the hearing if you exclude yourself.

## GETTING MORE INFORMATION

**28. Are more details about the lawsuit and the Proposed Settlement available?**

This Notice only summarizes the lawsuit and Proposed Settlement. More details are in the complaints filed in these class actions and in the Settlement Agreement. You can get copies of these documents by visiting the Proposed Settlement website, www.hpnotebooksettlement.com.

You can also look at all of the documents filed in the lawsuit at the Office of the Clerk, United States District Court, Northern District of California, located at 280 South First Street, Room 2112, San Jose, CA 95113.

**29. How do I get more information?**

You can get more information and read common questions and answers by visiting the Proposed Settlement website, www.hpnotebooksettlement.com.

**EXHIBIT C**

HOWARD HOLDERNESS (SBN 169814)
THOMAS R. GREEN (SBN 203480)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000; Fax: 415.442.1001
hholderness@morganlewis.com
tgreen@morganlewis.com

JOHN F. SCHULTZ (*PRO HAC VICE*)
BARRY L. McCOY (*PRO HAC VICE*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000; Fax: 215.963.5001
john.schultz@morganlewis.com
bmccoy@morganlewis.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

ANTONIO VOZZOLO
FARUQI & FARUQI LLP
369 Lexington Ave., 10th Floor
New York, NY 10016
Tel: 212.983.9330; Fax: 212.983.9331
avozzolo@faruqilaw.com

JENELLE WELLING (SBN 209480)
CHARLES D. MARSHALL (SBN 23644)
GREEN WELLING LLP
595 Market Street, Suite 2750
San Francisco, CA 94105
Tel: 415.477.6700; Fax: 415.477.6710
cand.uscourts@classcounsel.com

Attorneys for Plaintiffs

[*Other Counsel for Plaintiffs Are Listed
On The Signature Page of Stipulation of Settlement*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| In re: HP Power Plug and Graphic Card Litigation | Case No. 06-2254 (RMW)<br>Date:  October 26, 2007<br>Time:  9:00 a.m.<br>Before:  The Honorable Ronald M. Whyte |

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, PROVISIONALLY CERTIFYING A NATIONWIDE SETTLEMENT
CLASS, APPROVING PROCEDURE FOR AND FORMS OF NOTICE , AND
SCHEDULING FAIRNESS HEARING**

Upon review and consideration of the Stipulation of Settlement, and the attachments thereto which have been filed with the Court, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.       The parties have agreed to settle this consolidated Action and related actions upon the terms and conditions set forth in the Stipulation of Settlement (the "Stipulation of Settlement"), which has been filed with the Court.

2.       The Court has carefully reviewed the Stipulation of Settlement, as well as the files,

Case No. 06-2254 (RMW)

1  records, and proceedings to date in this matter. The definitions in the Stipulation of Settlement

2  are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have

3  the meanings attributed to them in the Stipulation of Settlement.

4       3.     Based upon preliminary examination, it appears to the Court that the Settlement

5  substantially fulfills the purposes and objectives of this class action, and provides substantial

6  relief to the Class without the risk, cost, or delay associated with continued litigation, trial, and/or

7  appeal; the Stipulation of Settlement appears fair, reasonable, and adequate; the Class should be

8  certified for settlement purposes, subject to Paragraph 16 below; and a Fairness Hearing should

9  be held after notice to the Class to determine whether the Stipulation of Settlement is fair,

10  reasonable, and adequate and whether a Final Order and Judgment should be entered in this

11  action, based upon that Stipulation of Settlement.

12       4.     The Stipulation of Settlement, including all exhibits thereto, is preliminarily

13  approved as fair, reasonable, and adequate. The Court finds that: (a) the Stipulation of

14  Settlement is the result of intensive, arms-length negotiations between experienced attorneys

15  familiar with the legal and factual issues of this case; all Settlement Class Members are treated

16  fairly under the Settlement;[1] (b) the provisions in the Settlement regarding payment of Class

17  Counsel's attorneys' fees and costs appear reasonable under the circumstances; and (c) the

18  Stipulation of Settlement is sufficient to warrant notice thereof to members of the Class and the

19  Fairness Hearing described below.

20       5.     The Court conditionally certifies, for settlement purposes only: (a) a class (the

21  "Class") of all end-user purchasers in the United States who purchased or received as a gift either

22  an Affected Power Connector Model (as defined in the Stipulation of Settlement) or an Affected

23  Graphics Card Model (as defined in the Stipulation of Settlement); and (b) a "Three-Day Repair"

24  subclass that: (i) purchased an Affected Graphics Card Model (as defined in the Stipulation of

25  Settlement) and experienced a graphics card failure; (ii) also purchased a contract from HP

26

27  [1]    In addition to being entitled to the same benefits as all Class Members, Class Representatives Michael Brothers, Gregory McDaniel, James Scripps, Allen Moser, Jr., Christopher Wu, Keaka Okada, and Robyn Greaves, will apply for incentive awards in the amount of $3,000.00 for their efforts on behalf of the Class in this litigation and in obtaining this settlement.

28

1   promising to pick up, repair and/or exchange, and return the Affected Graphics Card Model
2   within three business days; and (iii) did not receive the repair and/or exchange within the
3   promised three business day period. Excluded from the Class are those persons who have already
4   received a "Rome Motherboard Repair" free of charge (as defined in the Stipulation of
5   Settlement), except those persons who are part of the Three-Day Repair Subclass (as defined in
6   the Stipulation of Settlement); those persons who have already received a "Power Connector
7   Repair" free of charge (as defined in the Stipulation of Settlement); and all persons who are
8   employees, directors, officers, or agents of HP or its subsidiaries and affiliated companies, as well
9   as the Judges of the Court in which the Action is pending.

10      6.      In connection with the conditional certification, the Court makes the following
11   preliminary findings pursuant to Rule 23 of the Federal Rules of Civil Procedure:

12          (a)     The Class is so numerous that joinder of all members is impracticable;

13          (b)     There are questions of law or fact common to the above-described Class;

14          (c)     The claims of the named plaintiffs are typical of the claims being resolved
15   through the proposed Settlement;

16          (d)     The named plaintiffs are capable of fairly and adequately protecting the
17   interests of the above-described Class in connection with the proposed Settlement;

18          (e)     For purposes of determining whether the Settlement is fair, adequate, and
19   reasonable, common questions of law and fact predominate over questions affecting only
20   individual Class members. Accordingly, the Class is sufficiently cohesive to warrant adjudication
21   through settlement by representation; and

22          (f)     For purposes of Settlement, a settlement with the above-described
23   Settlement Class is superior to other available methods for the fair and efficient resolution of the
24   claims of the Class.

25      7.      In making the findings set forth in Paragraph 6, the Court has exercised its
26   discretion in conditionally certifying the Class on a nationwide basis. Named plaintiffs Michael
27   Brothers, Gregory McDaniel, James Scripps, Allen Moser, Jr., Christopher Wu, Keaka Okada,
28   and Robyn Greaves are designated as Class Representatives.

3                          Case No. 06-2254 (RMW)

8.      The Court appoints Green Welling LLP and Faruqi & Faruqi, LLP as counsel for the Class. For purposes of these settlement approval proceedings, the Court finds that these law firms are competent and capable of exercising their responsibilities as Class Counsel.

9.      A final approval hearing (the "Fairness Hearing") shall be held before this Court ninety (90) days after notice is sent in accordance with 28 U.S.C. § 1715(b), i.e., on January 25, 2008 at 9:00 a.m., to determine whether the Stipulation of Settlement is fair, reasonable, and adequate and should be approved. The Court shall also rule on Class Counsel's fee-and-expense application and plaintiffs' application for special awards (the "Fee Application") at that time. Papers in support of final approval of the Stipulation of Settlement and the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 14 below. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class. After the Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Stipulation of Settlement that will adjudicate the rights of the Class Members with respect to the claims being settled.

10.     As soon as possible after the entry of this Order, Defendant shall cause a Notice of Pendency of Class Action and Proposed Settlement ("Notice") to be e-mailed to the e-mail addresses of Class members to the extent such address information exists in the databases referenced in the Stipulation of Settlement or, to the extent such e-mail information does not exist, by regular mail if a physical mailing address exists in those databases. Defendant shall also cause a Notice to be sent to the last known mailing address of any Class member for whom an e-mail "bounce back" is received, to the extent such mailing address information exists in the databases referenced in the Stipulation of Settlement. In the event there is no mailing address in those databases for a potential Class Member and an e-mail bounce back is received for that potential Class Member, HP will search its "iCare" database for an e-mail or mailing address and send a Notice to the last known e-mail or mailing address of that potential Class Member as the same is listed in iCare. The Notice shall be substantially in the form attached as Exhibit "B" to the Stipulation of Settlement. In addition, as soon as possible after entry of this Order, the Settlement Administrator will arrange for the publication of a Summary Notice substantially in

4

1   the form of Exhibit "E" to the Stipulation of Settlement on one occasion in the following

2   publications: USA Today and PC Magazine. Finally, the parties will post a copy of the Notice on

3   a website to be maintained by the Settlement Administrator as referenced in the Stipulation of

4   Settlement. The settlement website shall be accessible on or before the e-mailing described in

5   this Paragraph and shall remain accessible until the expiration of the claims period.

6         11.    The Court finds that the contents of the Notice and Summary Notice and the

7   manner of their dissemination described in Paragraph 10 is the best practicable notice under the

8   circumstances and is reasonably calculated, under all the circumstances, to apprise the Class

9   members of the pendency of this action, the terms of the Settlement, and their right to object to

10   the Settlement or exclude themselves from the Class. The Court further finds that the Notice and

11   Summary Notice are reasonable, that they constitute due, adequate, and sufficient notice to all

12   persons entitled to receive notice, and that they meet the requirements of due process. Finally, the

13   Court finds that Class members will have until February 8, 2008 to submit their proofs of claim,

14   which is due, adequate, and sufficient time.

15         12.    Each Class member who wishes to be excluded from the Class and follows the

16   procedures set forth in this Paragraph shall be excluded. Any potential member of the Class may

17   mail a written request for exclusion, in the form specified in the Notice, to: Power Plug &

18   Graphic Card Litigation Settlement Administrator, P.O. Box 1898, Fairbault, MN 55021-7153,

19   postmarked no later than December 31, 2007. All persons or entities who properly make a

20   request for exclusion from the Class shall not be Class members and shall have no rights with

21   respect to the Stipulation of Settlement, should it be approved. The names of all such excluded

22   individuals shall be attached as an exhibit to any Final Order and Judgment.

23         13.    Any Class member who has not timely submitted a written request for exclusion

24   from the Class, and thus is a Class member, may object to the fairness, reasonableness or

25   adequacy of the Agreement, or the Fee Application, or both. Class members may do so either on

26   their own or through counsel hired at their expense. Any Class member who wishes to object to

27   the Stipulation of Settlement must, on or before December 31, 2007, file an objection with this

28   Court. The objection must contain the following: (i) a notice of the objector's intention to appear

5

Case No. 06-2254 (RMW)

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

at the Fairness Hearing, if the objector so intends; (ii) the name and address of the objector and the objector's counsel (if the objector intends to appear through counsel); (iii) a statement of the basis for each objection asserted; (iv) documentary proof that the objector is a Class member; (v) any legal authorities that the objector wishes the Court to consider; (vi) a list of documents and things the objector wishes the Court to consider; (vii) a list of documents and things the objector may offer as evidence or exhibits; and (viii) the names and addresses of any witnesses the objector may call to testify and a summary of each such witness's expected testimony.  On or before that same date, any such objecting Class members shall serve a copy of such papers by first-class mail on each of the following counsel:

For the Class:

Chuck Marshall
Green Welling LLP
595 Market Street, Suite 2750
San Francisco, CA  94105

Antonio Vozzolo
Faruqi & Faruqi, LLP
369 Lexington Ave., 10th Floor
New York, NY 10017

Dana B. Rubin
Kamber & Associates, LLC
11 Broadway, 22nd Floor
New York, New York 10004

For Defendant:

John F. Schultz
Barry L. McCoy
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

14.     Papers in support of final approval of the Stipulation of Settlement and the Fee Application shall be filed with the Court on or before December 15, 2007.  Any responses to objections to the Stipulation of Settlement or the Fee Application, and any further papers in support of the Fee Application or final approval, shall be filed with the Court on or before January 18, 2008.

6                                Case No. 06-2254 (RMW)

1      15.    In summary, the dates of performance are as follows:

2             (a)    The Notices required to be sent to Class Members per the Stipulation of

3   Settlement shall be sent as soon as possible after: (i) the entry of this Order and (ii) the receipt of

4   any e-mail bounce backs;

5             (b)    The Summary Notice shall be published as soon as possible after entry of

6   this Order;

7             (c)    Papers in support of final approval of the Stipulation of Settlement and the

8   Fee Application shall be filed with the Court on or before **December 15, 2007**;

9             (d)    Class members who desire to be excluded shall mail requests for exclusion

10  postmarked no later than **December 31, 2007**;

11            (e)    All objections to the Stipulation of Settlement or Fee Application shall be

12  filed and served by **December 31, 2007**;

13            (f)    Papers in response to objections, if any, and in further support of the Fee

14  Application shall be filed and served by **January 18, 2008**;

15            (g)    Supplemental papers, if any, in support of final approval, shall be filed and

16  served by **January 18, 2008**; and

17            (h)    The Fairness Hearing shall be held on **January 25, 2008**, at 9:00 a.m.

18      16.    In the event the Stipulation of Settlement is not approved by the Court, or for any

19  reason the parties fail to obtain a Final Order and Judgment as contemplated in the Stipulation of

20  Settlement, or the Stipulation of Settlement is terminated pursuant to its terms for any reason,

21  then the following shall apply:

22            (a)    All orders and findings entered in connection with the Stipulation of

23  Settlement shall become null and void and have no force and effect whatsoever, shall not be used

24  or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or

25  any other proceeding;

26

27

28

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1         (b)     The conditional certification of a Nationwide Class pursuant to this Order

2 shall be vacated automatically, the Actions shall proceed as though the Class had never been

3 certified pursuant to this Stipulation of Settlement and such findings had never been made, and

4 the Actions shall return to the procedural status quo before entry of the Preliminary Approval

5 order and all of the consolidated actions shall be restored to the active docket in accordance with

6 the Stipulation of Settlement;

7         (c)     Nothing contained in this Order is, or may be construed as, any admission

8 or concession by or against the Defendant or Plaintiffs on any point of fact or law, including, but

9 not limited to, factual or legal matters relating to any effort to certify this case as a class action;

10         (d)     Nothing in this Order or pertaining to the Stipulation of Settlement shall be

11 used as evidence in any further proceeding in this case, including, but not limited to, motions or

12 proceedings seeking treatment of this case as a class action; and

13         (e)     All of the Court's prior Orders having nothing whatsoever to do with class

14 certification shall, subject to this Order, remain in force and effect.

15     17.     Pending final determination of whether the proposed Settlement should be

16 approved, no Class member directly, derivatively, in a representative capacity, or in any other

17 capacity, shall commence any action against any of the Released Parties in any court or tribunal

18 asserting any of the Released Claims.

19     18.     The firm of Rust Consulting, Inc. is hereby appointed as Settlement Administrator

20 for this Settlement and shall perform all of the duties of the Settlement Administrator set forth in

21 the Stipulation of Settlement.

22     19.     Counsel are hereby authorized to use all reasonable procedures in connection with

23 approval and administration of the settlement that are not materially inconsistent with this Order

24 or the Stipulation of Settlement, including making, without further approval of the Court, minor

25

26

27

28

8                  Case No. 06-2254 (RMW)

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

changes to the form or content of the Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

DONE this ___ day of _____, 2007.

_____
Ronald M. Whyte
United States District Court Judge

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

**EXHIBIT D**

## CLAIM FORM AND INSTRUCTIONS

**You must postmark this Claim Form no later than February 8, 2008 in order for it to be considered.**

### *In re HP Power Plug and Graphic Card Litigation*
### Case Number 06-2254 (U.S. District Court for N.D. Cal.)

**Please read all of the following instructions carefully before filling out your Claim Form.**

1. Please review the Notice of Proposed Class Action Settlement (the "Notice") that you received via mail and/or e-mail and have the Notice with you when you complete your Claim Form. If you did not receive this Claim Form by mail and/or e-mail, please print a copy of the Notice from www.hpnotebooksettlement.com or call 1-800-555-5555 to have one sent to you.

2. Type or print legibly in black ink.

3. Complete Part A ("Claimant Information") by filling in your name, your company's name (if your company owns the computer), your current mailing address, daytime telephone number with area code, and the information requested about your computer model. You may also provide your e-mail address. Submit one Claim Form per computer.

4. Complete Part B, C, D, or E depending upon which benefits or options you will be eligible to receive. Please review Section 8 of the Notice titled "The Proposed Settlement Benefits – What You Get," to determine what benefits apply to you. In addition to filling out Part A,

   - If you meet the requirements for a free repair, fill out Part B below.
   - If you meet the requirements for reimbursement (limited to $650), fill out Part C below.
   - If you meet the requirements for a $50 Discount Certificate, fill out Part D below.
   - If you meet the requirements for a $30 Discount Certificate, fill out Part E below.

   DO NOT fill out the Parts that do not apply to you.

5. If you desire an acknowledgment of receipt of your Claim Form, please send it by Certified Mail, Return Receipt Requested.

6. You must file your Claim Form by mail. Send your Claim Form and copies of any supporting documents, *postmarked by February 8, 2008*, to:

---

**Power Plug & Graphic Card Settlement Administrator**
**P.O. Box 1898**
**Faribault, MN 55021-7153**

---

7. If you did not receive the Notice and Claim Form in the mail or by e-mail and only received them because you requested additional information after reading the Publication Notice, then you have not been identified from available records as a purchaser of a Hewlett-Packard notebook computer. Accordingly, *you will also need to provide proof of purchase in one of the following forms: a receipt, cancelled check, account statement, purchase order or other similar documentation.*

8. Keep a copy of your completed Claim Form for your records. If you are mailing documents in addition to your Claim Form (for example, an invoice or purchase order), do not send the original documents. Any documents you submit with your Claim Form cannot be returned. If your claim is rejected for any reason, the Settlement Administrator will notify you of the rejection and the reasons for such rejection.

## PART A – CLAIMANT INFORMATION

Claimant Name:

Company Name (if Company owns the computer):

Street Address:

Daytime Phone Number:

City, State, Zip Code:

E-mail address (optional):

Eligible Computer Owned: ☐ Affected Graphics Card Model    ☐ Affected Power Connector Model
*For lists of Affected Graphics Card Models and Affected Power Connector Models, please review pages 3-4 of the Notice.*

Computer Information:  Model No. _____; SKU No. _____; and Serial No. _____.

**CHECK ONE:**

☐ I requested that this Claim Form be sent to me.  Accordingly, I have enclosed proof of purchase in one of the following forms: a receipt, cancelled check, account statement, purchase order, or other similar documentation.

OR

☐ This claim form was sent directly to me without my requesting it.  Accordingly, while I may need to enclose documentation proving my claim, I do not have to enclose proof of purchase.

## PART B – PRODUCT REPAIR

If you are eligible for a free product repair under Section 8 of the Notice titled "The Proposed Settlement Benefits – What You May Get," **you must sign and date the Certification below.**

**Certification (Part B)**
*I certify under penalty of perjury that the following information as well as the information set forth in Part A is true and correct:*
1.  My notebook computer is an Affected Graphics Card Model or Affected Power Connector Model as defined in the Notice.
2.  The original graphics card in my Affected Graphics Card Model has not been replaced with something other than a nVidia NV36 graphics card *or* the original Hewlett-Packard-installed power connector in my Affected Power Connector Model has not been replaced.
3.  I understand that Hewlett-Packard Company has the right to investigate the truthfulness and accuracy of the information I have provided in this Claim Form.

_____
**Signature of Claimant**

_____
Print name and, if applicable, title

_____
**Signature of parent or guardian (if Claimant is a minor)**

___ __/__ __/__ __ __ __
Date

**PART C – CASH REIMBURSEMENT FOR REPAIR EXPENSES ($650 LIMIT)**

If you are eligible for a reimbursement (limited to $650.00) under Section 8 of the Notice titled "The Proposed Settlement Benefits – What You May Get," **you must sign and date the Certification below.**

<u>Certification (Part C)</u>

*I certify under penalty of perjury that the following information as well as the information set forth in Part A is true and correct:*

*If you own an Affected Graphics Card Model:*
1.  My notebook computer is an Affected Graphics Card Model.
2.  I paid Hewlett-Packard or a third-party vendor to repair the graphics card in my Affected Graphics Card Model.
3.  The repairs were made in an attempt to cure a graphics card failure.
4.  I have enclosed a receipt, invoice, or other purchase order that clearly and legibly identifies the repairs that were made.
5.  I understand that Hewlett-Packard Company has the right to reject my claim for reimbursement if it is for repairs of products or services that: (a) cannot be identified from the receipt, invoice, or purchase order; (b) cannot reasonably be considered an attempt to repair a graphics card failure a; (c) are fraudulent or excessive; or (d) are for the purchase of a personal computer, operating system, or software of any kind.
6.  I understand that Hewlett-Packard Company has the right to investigate the truthfulness and accuracy of the information I have provided in this Claim Form.

| | |
|---|---|
| _____ | _____ |
| **Signature of Claimant** | **Print name and, if applicable, title** |
| _____ | __ __/__ __/__ __ __ __ |
| **Signature of parent or guardian (if Claimant is a minor)** | **Date** |

☐  *Check here to confirm that you have attached a copy of a receipt, invoice, purchase order, or credit card statement describing the repair to this Claim Form.* If a credit card receipt or statement is submitted, please also submit a document with this form that describes the repair that was conducted.

*OR*

*If you own an Affected Power Connector Model:*
1.  My notebook computer is an Affected Power Connector Model.
2.  I paid Hewlett-Packard or a third-party vendor to repair the power connector in my Affected Power Connector Model.
3.  The repairs were made in an attempt to repair the power connector and were made due to a power connector failure.
4.  I have enclosed a receipt, invoice, or other purchase order that clearly and legibly identifies the repairs that were made.
5.  I understand that Hewlett-Packard Company has the right to reject my claim for reimbursement if it is for repairs of products or services that: (a) cannot be identified from the receipt, invoice or purchase order; (b) cannot reasonably be considered an attempt to repair a power connector failure; (c) are fraudulent or excessive; or (d) are for the purchase of a personal computer, operating system, or software of any kind.
6.  I understand that Hewlett-Packard Company has the right to investigate the truthfulness and accuracy of the information I have provided in this Claim Form.

| | |
|---|---|
| _____ | _____ |
| **Signature of Claimant** | **Print name and, if applicable, title** |
| _____ | __ __/__ __/__ __ __ __ |
| **Signature of parent or guardian (if Claimant is a minor)** | **Date** |

☐  *Check here to confirm that you have attached a copy of a receipt, invoice, purchase order, or credit card statement describing the repair to this Claim Form.* If a credit card receipt or statement is submitted, please also submit a document with this form that describes the repair that was conducted..

-3-

**PART D – $50 DISCOUNT CERTIFICATE**

If you are eligible for a $50 Discount Certificate under Section 8 of the Notice titled "The Proposed Settlement Benefits – What You May Get," **you must sign and date the Certification below.**

**Certification (Part D)**

❑ *I certify under penalty of perjury that the following information is true and correct*:
1.  My notebook computer is an Affected Graphics Card Model and I experienced a graphic card failure.
2.  I previously agreed to a repair of my Affected Graphics Card Model with a downgraded graphics card (nVidia NV 31, 34 or 18 graphics card).
3.  I did not receive any one of the following incentives in connection with my agreement to use the downgraded graphics card: (a) 1 GB Flash Drive; (b) 1 GB SD Card; (c) noise-cancelling headphones; (d) tech kit (which included mouse, headphones, modem cable, USB cable and USB hub); or (e) HP Backpack.
4.  I understand that Hewlett-Packard Company has the right to investigate the truthfulness and accuracy of the information I have provided in this Claim Form.

*OR*

❑ *I certify under penalty of perjury that the following information is true and correct*:
1.  My notebook computer is an Affected Graphics Card Model or Affected Power Connector Model.
2.  I am not seeking (and will not seek) a free repair under Part B.
3.  I understand that Hewlett-Packard Company has the right to investigate the truthfulness and accuracy of the information I have provided in this Claim Form.

_____          _____
**Signature of Claimant**                                        **Print name and, if applicable, title**

_____          __ __/__ __/__ __ __ __
**Signature of parent or guardian (if Claimant is a minor)**          **Date**

**PART E – $30 DISCOUNT CERTIFICATE**

If you are eligible for a $30 Discount Certificate under Section 8 of the Notice titled "The Proposed Settlement Benefits – What You May Get," **you must sign and date the Certification below.**

**Certification (Part E)**

*I certify under penalty of perjury that the following information is true and correct*:
1.  My notebook computer is an Affected Graphics Card Model.
2.  My notebook computer experienced a graphics card failure.
3.  I purchased an Extended Service or other similar plan that required HP to conduct repairs within a three business day time frame.
4.  The Number for my Extended Service or other similar plan is: _____
5.  I submitted my notebook computer for repair, but it was not picked up, repaired and/or replaced, and/or returned within the three business day time frame (as that time frame was calculated under the terms of my plan).
6.  I understand that Hewlett-Packard Company has the right to investigate the truthfulness and accuracy of the information I have provided in this Claim Form.

_____          _____
**Signature of Claimant**                                        **Print name and, if applicable, title**

_____          __ __/__ __/__ __ __ __
**Signature of parent or guardian (if Claimant is a minor)**          **Date**

### _MAIL TO_:

**Power Plug & Graphic Card Settlement Administrator
P.O. Box 1898**

-4-

**Faribault MN 55021-7153**

**EXHIBIT E**

## Legal Notice

## Attention Hewlett-Packard ("HP") or Compaq Notebook Computer Owners

If you purchased an HP zd7000, HP Compaq nx9500, HP zx5000, zv5000, R3000 or HP Compaq nx9100 series notebook, this Notice is to inform you of a proposed class action settlement that could affect your legal rights.

## What Is This Notice About?

A lawsuit is pending in the United States District Court, Northern District of California, San Jose Division (the "Action") that may affect your rights. This Action is a combination of four separate lawsuits filed against HP. The Action claims that HP sold certain notebook computers with allegedly defective graphics cards that caused the notebook computers to experience unexpected shut downs, crippled graphics capabilities, or permanent damage to the motherboard, and sold other notebook computers with allegedly defective power connectors that rendered the computer inoperable or unable to recharge the battery power source of the computer. The Action also alleges that HP sold some Class members separate extended service contracts with a promise to repair the notebooks within three business days, but failed to repair those notebooks within that time frame. HP denies all of these claims. The Court did not rule in favor of Plaintiffs or Defendant. Instead, the parties agreed to a proposed settlement in order to avoid the expense and risks of continuing the lawsuit.

## Am I A Member Of The Class?

The class is defined as: "All end-user purchasers in the United States who purchased or received as a gift either an Affected Power Connector Model or an Affected Graphics Card Model." In order to determine whether you own an Affected Power Connector Model or Affected Graphics Card Model, you need to request a copy of the full notice from Rust Consulting at 1-800-555-5555 or view it on hpnotebooksettlement.com. You may also be a Member of a "Three-Day Repair" Subclass if you purchased one of the Affected Graphics Card Models listed in the full notice *and* an Extended Service or other similar plan that required HP to conduct repairs within a three-business-day time frame. Excluded from the class are those persons who have already received a repair with a new motherboard and graphics card from the "Rome" series of HP notebooks, except those persons who are part of the Three-Day Repair Subclass (as that term is defined in the full notice); those persons who have already received a repair of their power connector; and all persons "who are employees, directors, officers, and agents of HP or its

subsidiaries and affiliated companies, as well as the Judges of the Court in which the Action is pending."

## What Does The Settlement Provide?

Subject to Court approval, the parties have agreed to a settlement under which you may be entitled to receive a free repair, a reimbursement, or a discount certificate as set forth below.

## What Benefits Could I Receive?

• If you are a Class Member, you will receive a free repair if you: (1) have not had your Affected Graphics Card Model repaired with a new motherboard and graphics card from the "Rome" series of HP notebook computers; *or* the graphics card in your Affected Graphics Card Model has not been replaced with something other than a nVidia NV36 graphics card; *or* have not had the original HP-installed power connector in Your Affected Power Connector Model replaced; *and* (2) send your computer to HP (or another party designated by HP) to have your computer repaired during a 90-day time frame to be later designated by the Court; *and* (3) certify, under penalty of perjury, that: (a) your notebook computer is an Affected Graphics Card Model or an Affected Power Connector Model; and (b) the graphics card in your Affected Graphics Card Model has not been replaced with something other than a nVidia NV36 graphics card or the original HP-installed power connector in your Affected Power Connector Model has not been replaced.

• If you are a Class Member, you will receive up to $650 to reimburse you for money you spent to repair your computer if you: (1) paid HP or a third party for repairs; *and* (2) certify, under penalty of perjury, that the repairs were made in an attempt to cure the failure of a graphics card (for Affected Graphics Card Models) or to repair the power connector due to a power connector failure (for Affected Power Connector Models); *and* (3) submit a receipt, invoice, or other purchase order that clearly and legibly identifies the repairs that were conducted.

• If you are a Class Member, you will receive a $50.00 discount certificate for use on select HP

products if you: (1) own an Affected Graphics Card Model; *and* (2) previously received a repair by accepting a downgraded graphics card; *and* (3) did not receive one of the incentives listed in the full notice; *and* (4) certify, under penalty of perjury, that: (a) your notebook experienced a graphics card failure; and (b) you agreed to a repair with a downgraded graphics card; and (c) you did not receive one of the incentives listed in the full notice.

• If you are a Class Member and you are eligible for a repair (see above), and you do not wish to have your computer repaired, you will receive a $50.00 discount certificate for use with selected HP products if you certify, under penalty of perjury, that: (1) you own an Affected Graphics Card or Power Plug Model; *and* (2) you will not seek a repair.

• If you are a member of the Three-Day Repair Subclass, you will receive a $30.00 discount certificate for use on selected HP products if you certify, under penalty of perjury, that: (1) you own an Affected Graphics Card Model that experienced a graphic card failure; *and* (2) your computer was not repaired for that failure within the three business day time frame set forth in your plan.

## What Are My Rights?
1. You Can Accept the Settlement. If you wish to receive the benefits under the settlement, you **MUST** fill out and submit a Claim Form by February 8, 2008. You can obtain a Claim Form by (1) calling the Settlement Administrator at 1-800-657-1876, or (2) mailing a written request for a Claim Form including your name and mailing address by regular mail to: Power Plug & Graphic Card Litigation Settlement Administrator, P.O. Box 1898, Faribault, MN 55021-7153. If you fail to timely submit a Claim Form and do not exclude yourself from the settlement, then you will be bound by the settlement but will not receive any benefits of the settlement.

2. You Can Object to the Settlement. If you believe the settlement is unsatisfactory, you may file a written objection with the Clerk of the Court for the United States District Court for the Northern District of California and send copies to the following Counsel representing the Class and defendant:

Plaintiffs' Counsel:

| Antonio Vozzolo | ~ **or** ~ | Chuck Marshall |
|---|---|---|
| Faruqi & Faruqi LLP | | Green Welling LLP |
| 369 Lexington Ave, | | 595 Market Street |
| 10th Floor | | Suite 2750 |
| New York, NY 10017 | | San Francisco, CA 94105 |

Defendant's Counsel:

| Howard Holderness | ~ **or** ~ | John F. Schultz |
|---|---|---|
| Thomas R. Green | | Barry L. McCoy |
| Morgan, Lewis & | | Morgan, Lewis & |
| Bockius LLP | | Bockius LLP |
| One Market, | | 1701 Market Street |
| Spear Street Tower | | Philadelphia, PA |
| San Francisco, CA 94105 | | 19103 |

The deadline for submitting this objection is December 31, 2007.

3. You Can "Opt Out" of the Settlement. If you do not wish to participate in this settlement, you must provide written notice so indicating. Such notice shall include your name, current address, and a statement that you want to be excluded from the lawsuit *In re Power Plug and Graphic Card Litigation*, Case No. 06-2254. Such notice must be postmarked no later than December 31, 2007. Your written notice should be sent to: Power Plug & Graphic Card Litigation Settlement Administrator, P.O. Box 1898, Faribault, MN 55021-7153. Please be advised that if you "opt out" of the settlement, you will not receive any money or benefits under the settlement and will be responsible for any attorneys' fees and costs you incur if you choose to pursue your own lawsuit.

## When Will the Settlement Be Approved?
On January 25, 2008, at 9:00 a.m., the Court will hold a hearing in the United States District Court for the Northern District of California to determine: (1) whether the proposed settlement is fair, reasonable and adequate and should receive final approval; and (2) whether the application of Plaintiffs' attorneys' fees and expenses should be granted. Objections to the proposed settlement by Class Members will be considered by the Court, but only if such objections are filed in writing with the Court and sent to Plaintiffs' and Defendant's counsel by December 31, 2007. Class Members who support the proposed settlement do not need to appear at the hearing or take any other action to indicate their approval.

## Additional Information
You may seek the advice and guidance of your own attorney if you desire. A complete copy of the proposed settlement agreement may be examined at www.hpnotebooksettlement.com. Please do not contact the Court or Clerk for information.

**By order of the United States District Court for the Northern District of California**

# EXHIBIT F

1

**EXHIBIT "F"**

2

Product Categories

3

1.    Specialty Notebook Cases

4

2.    Keyboard and/or Mice Kits

5

6

3.    Notebook Memory Devices (such as memory sticks)

7

4.    Notebook Computers*

8

5.    AC Adaptors or Power Products

9

6.    Notebook Webcams**

10

7.    Headphones

11

\*    *Some of HP's notebook computers are sold with instant rebates. In the event an instant rebate*
12  *has a higher value than the discount certificate that is being used by a Class Member, only the instant*
*rebate will be applied to the purchase. In the event the discount certificate has a higher value than*
13  *the instant rebate, only the value of the discount certificate will be applied to the purchase. In the*
*event a Class Member purchases a notebook computer and an instant rebate, as opposed to a*
14  *discount certificate, is applied, the Class Member will be able to use his or her discount certificate on*
*another eligible product.*
15

\*\*   *Class Members are to be cautioned that the webcams may not necessarily be compatible with all*
16  *Affected Graphics Card or Affected Power Connector Models.*

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 06-1221(RS)

Case No. 06-2254 (RMW)

**STIPULATION OF SETTLEMENT**

**EXHIBIT G**

1   ALAN R. PLUTZIK (SBN 077785)          HOWARD HOLDERNESS (SBN 169814)
    BRAMSON, PLUTZIK, MAHLER              THOMAS R. GREEN (SBN 203480)
2     & BIRKHAEUSER, LLP                  MORGAN, LEWIS & BOCKIUS LLP
    2125 Oak Grove Rd., Suite 120         One Market, Spear Street Tower
3   Walnut Creek, CA 94598                San Francisco, CA 94105
    Tel: 925-945-0200; Fax: 925-945-8792  Tel: 415-442-1000; Fax: 415-442-1001
4   aplutzik@bramsonplutzik.com           hholderness@morganlewis.com
                                          tgreen@morganlewis.com
5
    *One of Counsel for Plaintiffs in No. 06-1221 (RS)*
6   [Other counsel for pltfs listed on signature page]   JOHN F. SCHULTZ (*pro hac vice*)
                                          BARRY L. McCOY (*pro hac vice*)
7   JENELLE WELLING (SBN 209480)          MORGAN, LEWIS & BOCKIUS LLP
    CHARLES D. MARSHALL (SBN 23644)       1701 Market Street
8   GREEN WELLING LLP                     Philadelphia, PA 19103
    595 Market Street, Suite 2750         Tel: 215-963-5000; Fax: 215-963-5001
9   San Francisco, CA 94105               john.schultz@morganlewis.com
    Tel: 415-477-6700; Fax: 415-477-6710  bmccoy@morganlewis.com
10  cand.uscourts@classcounsel.com
                                          *Counsel for Defendant Hewlett-Packard Company*
11                                        *in Nos. 06-1221 (RS) and 06-2254 (RMW)*
    *Counsel for Plaintiffs in No. 06-2254 (RMW)*
12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15                   SAN JOSE DIVISION

16
    Michael Brothers *et al*, on behalf of themselves   | Case No. 06-2254 (RMW)
17  and all others similarly situated,
18
                    Plaintiffs,
19                                                        **STIPULATION AND [*Proposed*] ORDER
                    v.                                    re. CONSOLIDATION & REASSIGNMENT
20                                                        FOR SETTLEMENT PURPOSES**
    Hewlett-Packard Company,
21
                    Defendant.
22

23
    In re Hewlett-Packard Co. Power Plug Litigation   | Case No. 06-1221 (RS)
24

25          WHEREAS the parties and their counsel in each of the above-captioned two cases, *In re Hewlett-*

26  *Packard Co. Power Plug Litig.*, No. 06-1221 (RS) (the "Power Plug Lawsuit") and *Brothers et al. v.*

27

*Hewlett-Packard Co.*, No. 06-2254 (RMW) (the "Brothers Lawsuit"), have entered into a Stipulation of Settlement detailing a proposed settlement (the "Settlement") that covers both cases; and

WHEREAS the Power Plug Lawsuit and the Brothers Lawsuit are pending before two different judges; and

WHEREAS it would enhance judicial efficiency if all proceedings pertaining to the Settlement were to occur under the auspices of a single judge;

THEREFORE, the parties to the Power Plug Lawsuit and the Brothers Lawsuit stipulate as follows and request that the Courts enter the subjoined order:

1.     For purposes of approving and effectuating the Settlement only, the Power Plug Lawsuit and Brothers Lawsuit are consolidated pursuant to Local Civil Rule 3-12(a).  The case so consolidated is assigned to Judge Whyte and shall bear the following caption and case number:

| | |
|---|---|
| In re: HP Power Plug and Graphic Card Litigation | Case No. 06-2254 (RMW) |

2.     All papers to be filed and all proceedings to be had relating to the Settlement shall be under this caption and case number.

3.     In the event the Stipulation of Settlement is terminated pursuant to its terms, or the Effective Date[1] for any reason does not occur, the subjoined order consolidating the Power Plug Lawsuit and the Brothers Lawsuit shall be automatically vacated upon notice of the same to the Court, and both cases will proceed independently before Judges Seeborg and Whyte, respectively, and will return to the procedural status quo that existed prior to the entry of this order consolidating the cases for purposes of settlement.

4.     The parties request that the Courts enter the order below.  Notice of presentation is waived.

---

[1]  Capitalized terms have the same meaning as in the Stipulation of Settlement.

1      Dated:  October 22, 2007.

2

3    BRAMSON, PLUTZIK, MAHLER              MORGAN, LEWIS & BOCKIUS LLP
       & BIRKHAEUSER, LLP
                                          By:   /s/ Barry L. McCoy (pro hac vice)
4
     By:   /s/ Alan Plutzik (SBN 077785)
5                                         Counsel for Defendant Hewlett-Packard Company
     Thomas D. Mauriello (SBN 144811)     in Nos. 06-1221 (RS) and 06-2254 (RMW)
6    LAW OFFICES OF THOMAS D. MAURIELLO

7    Co-Liaison Counsel for Pltfs in No. 06-1221 (RS)

8

9    Scott Kamber
     KAMBER & ASSOCIATES, LLC
10
     Antonio Vozzolo
11   FARUQI & FARUQI LLP

12   Clifford Cantor
13   LAW OFFICES OF
        CLIFFORD A. CANTOR, P.C.
14
     Co-Lead Counsel for Pltfs in No. 06-1221 (RS)
15

16            *        *        *

17   GREEN WELLING LLP

18   By:        /s/Charles Marshall
          Jenelle Welling (SBN 209480)
19        Charles D. Marshall (SBN 23644)

20   Counsel for Plaintiffs in No. 06-2254 (RMW)

21

22

23

24

25

26

27

No. 06-1221 (RS)                  - 3 -                  No. 06-2254 (RMW)

STIP. & [*Proposed*] ORDER re. CONSOL. & REASSIGNMENT FOR SETTLEMENT PURPOSES

1

## [*Proposed*] ORDER

2   IT IS SO ORDERED.

3   Dated _____, 2007.

4

5   _____
    HON. RICHARD SEEBORG
6   UNITED STATES MAGISTRATE JUDGE

7   _____
8   HON. RONALD M. WHYTE
    UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27