ANTONIO VOZZOLO
FARUQI & FARUQI LLP
369 Lexington Ave., 10th Floor
New York, NY 10017
Tel: 212.983.9330; Fax: 212.983.9331
avozzolo@faruqilaw.com

JENELLE WELLING (SBN 209480)
CHARLES D. MARSHALL (SBN 23644)
GREEN WELLING LLP
595 Market Street, Suite 2750
San Francisco, CA 94105
Tel: 415.477.6700; Fax: 415.477.6710
cand.uscourts@classcounsel.com

Attorneys for Plaintiffs

[*Other Counsel for Plaintiffs Are Listed On The Signature Page*]

*E-FILED - 3/20/08*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

In re: HP POWER PLUG AND
GRAPHIC CARD LITIGATION

No. C 06-2254 (RMW)

**[] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND FINAL JUDGMENT**

Date:        March 14, 2008
Time:        9:00 a.m.
Courtroom:   No. 6, fourth floor
Judge:       Honorable Ronald M. Whyte

On October 31, 2007, this Court granted preliminary approval of the proposed class action Settlement between the parties. On January 7, 2008, this Court entered an Order Modifying the Court's October 31, 2007 Preliminary Approval of Class Action Settlement and Amending the Stipulation of Settlement Between the Parties.

The Court also provisionally certified a nationwide Class for settlement purposes, approved the procedure for giving notice and forms of Notice, and set a final fairness hearing to take place on March 14, 2008. The Class is defined as: (a) all end-users in the United States who purchased or received as a gift either an Affected Power Connector Model (as defined in the

1  Stipulation of Settlement)or an Affected Graphics Card Model (as defined in the Stipulation of
2  Settlement); and (b) a "Three-Day Repair" subclass that: (i) purchased an Affected Graphics Card
3  Model (as defined in the Stipulation of Settlement) and experienced a graphics card failure; (ii)
4  also purchased a contract from Hewlett-Packard Company ("HP") promising to pick up, repair
5  and/or exchange, and return the Affected Graphics Card Model within three business days; and
6  (iii) did not receive the repair and/or exchange within the promised three business day period.

7  On March 14, 2008, the Court held a duly noticed final fairness hearing to consider: (1)
8  whether the terms and conditions of the Stipulation of Settlement are fair, reasonable and
9  adequate; (2) whether a judgment should be entered dismissing the named plaintiffs' complaints
10 on the merits and with prejudice in favor of the Defendant and against all persons or entities who
11 are Class members herein who have not requested exclusion from the Class; and (3) whether and
12 in what amount to award counsel for the Class as attorneys' fees and expenses and whether and in
13 what amount to award the class representatives as compensation.

14 The Court, having considered all matters submitted to it at the hearing and otherwise, and
15 it appearing that the Notice substantially in the form approved by the Court was given in the
16 manner that the Court ordered to all persons or entities reasonably identifiable who purchased or
17 received as gifts the computer models at issue, as shown by the records of the Defendant, and that
18 a Summary Notice in the form approved by the Court was published in USA Today and PC
19 Magazine in the manner that the Court ordered.

20 The Court, having considered and determined that the proposed settlement of the claims
21 of the Class members against the Defendant, as well as the release of the Defendant and the
22 Released Persons, and the awards of attorneys' fees and expenses requested and class
23 representative compensation requested, are fair, reasonable and adequate, hereby orders:.

24 NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

25 1. The Stipulation and Amended Stipulation, including the definitions contained
26 therein, is incorporated by reference into this Final Judgment.

27 2. The Court finds that the prerequisites for a class action under Federal Rules of
28 Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) have been satisfied in that: (a) the number of

1  Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are
2  questions of law and fact common to the Class; (c) the claims of the Plaintiffs are typical of the
3  claims of the Class they seek to represent; (d) the Plaintiffs have and will fairly and adequately
4  represent the interests of the Class; (e) the questions of law and fact common to the Class
5  Members predominate over any questions affecting any individual Class Member; and (f) a class
6  action is superior to the other available methods for the fair and efficient adjudication of the
7  controversy.

8        3.     Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies this action as a
9  nationwide class action on behalf of: (a) all end-users in the United States who purchased or
10 received as a gift either an Affected Power Connector Model (as defined in the Stipulation of
11 Settlement and Amended Stipulation) or an Affected Graphics Card Model (as defined in the
12 Stipulation of Settlement and Amended Stipulation); and (b) the subclass that: (i) purchased an
13 Affected Graphics Card Model (as defined in the Stipulation of Settlement and Amended
14 Stipulation) and experienced a graphics card failure; (ii) also purchased a contract from HP
15 promising to pick up, repair and/or exchange, and return the Affected Graphics Card Model
16 within three business days; and (iii) did not receive the repair and/or exchange within the
17 promised three business day period.  Excluded from the Class are those persons who have already
18 received a "Rome Motherboard Repair" free of charge (as defined in the Stipulation of Settlement
19 and Amended Stipulation), except those persons who are part of the Three-Day Repair Subclass
20 (as defined in the Stipulation of Settlement and Amended Stipulation); those persons who have
21 already received a "Power Connector Repair" free of charge (as defined in the Stipulation of
22 Settlement and Amended Stipulation); and all persons who are employees, directors, officers, and
23 agents of HP or its subsidiaries and affiliated companies, as well as the Judges of the Court in
24 which the Action is pending.

25       4.     The Court appoints Green Welling LLP, Kamber & Associates, LLC, and Faruqi
26 & Faruqi, LLP as counsel for the Class.  The Court designates named plaintiffs Michael Brothers,
27 Gregory McDaniel, James Scripps, Allen Moser, Jr., Christopher Wu, Keaka Okada, and Robyn
28 Greaves as the Class Representatives.

1  5. Notice of the pendency of this action as a class action and of the proposed settlement was given individually to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the Litigation as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto. Publication notice was also given twice by newspaper and onece by magazine.

6. The Stipulation and Amended Stipulation is approved as fair, reasonable and adequate, and the Class members and the parties are directed to consummate the Stipulation of Settlement and Amended Stipulation in accordance with its terms and conditions.

7. ~~Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel attorneys' fees and expenses in the amount of $_____. The Court also awards stipends in the amount of $3,000 to each Class Representative. These amounts are to be paid by HP in the time and manner described in the Stipulation of Settlement. Such amounts are in lieu of statutory fees to which the Class Representatives might otherwise be entitled.~~ (rmw)

8. The Litigation is hereby dismissed with prejudice and without costs as against the Defendant and the Released Persons. Specifically, the following matters are to be dismissed with prejudice:

    (a) *In re Power Plug Litigation*, Case No. 06-1221;

    (b) *James Scripps v. Hewlett Packard Company*, Case No. 06-1221;

    (c) *Allen Moser, Jr. and Christopher Wu v. Hewlett-Packard Company*, Case No. 06-2325;

    (d) *Keaka Okada and Robyn Greaves v. Hewlett-Packard Company*, Case No. 06-2367; and

    (e) *Michael Brothers and Gregory McDaniel v. Hewlett-Packard Company*, Case No. 06-2254.

9. Upon the Effective Date, Plaintiffs and all Class Members are permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other

1  capacity, any and all of the Released Claims against any of the Released Persons.

2  10. Upon the Effective Date, the Defendant and Released Persons, by operation of this Final Judgment, shall be fully, finally, and forever released, relinquished, and discharged by the Plaintiffs, each and all of the Class Members, and Plaintiffs' and Class counsel from all claims relating to, arising out of or connected with the instruction, prosecution, assertion, settlement, or resolution of the litigations and/or the Released Claims.  In addition, upon the Effective Date, the Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits by virtue of the proceedings herein and this Final Judgment. Notwithstanding the foregoing, nothing herein shall be construed as a release of HP from carrying out its obligations under the Stipulation of Settlement should the Effective Date occur.

11. Neither the Stipulation, the Amended Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered by any person or received against the Defendant as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendant of the truth of the facts alleged by the Plaintiffs or any Class member or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of the Defendant;

(b) offered by any person or received against the Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Defendant or any other wrongdoing by the Defendant;

(c) offered by any person or received against the Defendant or as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing

1  contained in this paragraph shall prevent the Stipulation of Settlement (or any agreement or order
2  relating thereto) from being used, offered, or received in evidence in any proceeding to approve,
3  enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto) or the
4  Final Judgment, or in which the reasonableness, fairness, or good faith of the parties in
5  participating in the Settlement (or any agreement or order relating thereto) is an issue, or to
6  enforce or effectuate provisions of the settlement, the Final Judgment, or the Proofs of Claim and
7  Release as to the Defendant, Plaintiffs, or the Class members; or

8      (d)  offered by any person or received against any Plaintiff or Class
9  Representative as evidence or construed as or deemed to be evidence that any of their claims in
10  any of the cases consolidated herein lack merit.

11      12.  Without affecting the finality of this Final Judgment in any way, this Court hereby
12  retains continuing jurisdiction over: (a) the disposition of the settlement benefits; and (b) the
13  settling parties for purposes of construing, enforcing and administering the Stipulation of
14  Settlement.

15      13.  Without further order of the Court, the settling parties may agree to reasonably
16  necessary extensions of time to carry out any of the provisions of the Stipulation of Settlement
17  and Amended Stipulation.

18      14.  In the event that the Effective Date does not occur, this Order and Final Judgment
19  shall automatically be rendered null and void and shall be vacated and, in such event, all orders
20  entered and releases delivered in connection herewith shall be null and void.

21      DONE this 18 day of   March,                  2008.

*Ronald M. Whyte*
Ronald M. Whyte
U.S. District Judge