E-FILED on     7/8/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re HP POWER PLUG AND GRAPHIC CARD LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS. | No. C-06-02254 RMW<br><br>**CORRECTED** ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND INCENTIVE AWARDS TO LEAD PLAINTIFFS<br><br>**[Re Docket No. 124]** |

*On July 8, 2008, the court was informed that it had omitted from its attorney's fee calculation the fees for services provided by lead counsel Green Welling, resulting in an erroneous calculation of the attorney's fee award. This corrected order replaces the previously-issued order.*

On March 18, 2008, the court granted final approval of the settlement reached between plaintiffs and defendant Hewlett-Packard ("HP") in this litigation. The settlement provided for the award of $3000 to each named plaintiff and for the payment of $1,600,000.00 in attorney's fees to plaintiffs' counsel. The court reserved the issue of attorney's fees and incentive awards for the seven

named plaintiffs in this action, Michael Brothers, Gregory McDaniel, James Scripps, Allen Moser, Christopher Wu, Keaka Okada and Robyn Greaves ("Named Plaintiffs") pending the receipt of documentation supporting the amount of those requests.

## II.  ANALYSIS

### A.  Attorney's Fees

Plaintiffs' counsel seek $1.6 million in attorney's fees, costs and expenses.  The six firms seeking attorney's fees assert that they have collectively invested 3,056.00 hours of time in the litigation for a claimed lodestar of $1,256,795.50.  They also claim to have expended $38,285.85 in costs.  According to plaintiffs counsel, the requested amount of $1.6 million represents a multiplier of 1.24.[1]

The settlement provides for a package of benefits to class members.  There are three major categories: (1) those with affected graphics cards; (2) those with affected graphics cards who purchased a three-day service contract; and (3) those with affected power connectors.

Within those three major categories, different types of relief are provided.  For graphics card class members, (1) if the class member's graphics card has not been repaired, the class member can get a repair from HP at no cost for repair or shipping and a 90-day warranty on the repair; (2) if she has already had the graphics card fixed, she can get up to $650 to reimburse the cost of repairing the graphics card if HP or a third party repaired the computer; (3) if the repair previously received was a downgraded graphics card and the class member did not receive an additional incentive, she can get a $50 certificate for HP products; or (4) if the class member does not want the repair, she can obtain a $50 certificate for HP products.

Some class members who owned an affected graphics card model had purchased a three-day service contract.  If such a class member experienced a graphics card failure but the computer was not repaired in three days she can receive a $30 certificate for HP products under the settlement.

---

[1] The amount requested minus costs: $1,600,000.00 - $38,285.85 = $1,561,714.15.  This result divided by the lodestar provides the requested multiplier: $1,561,714.15 / $1,256,795.50 = 1.24. Notably, adding up the individual claimed lodestar amounts for the six firms results in a slightly higher lodestar of $1,307,625.50 rather than a lodestar of $1,256,795.50 as set forth in plaintiffs' moving papers.  This means that the multiplier to reach $1,600,000 is approximately 1.2 ($1,561,714.15 / $1,307,625.50 = 1.19).

ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND INCENTIVE AWARDS TO LEAD PLAINTIFFS—No. C-06-02254 RMW
MAG                                                      2

For power connector class members, (1) if plug has not been repaired, the class member can get a repair from HP at no cost for repair or shipping and a 90-day warranty on the repair; (2) if she has already had the plug fixed, she can get up to $650 to reimburse the cost of repairing the plug if HP or a third party repaired the computer; or (3) if the class member does not want the repair, she can obtain a $50 certificate for HP products.

Under the Class Action Fairness Act ("CAFA"), the court is obligated to review coupon settlements. 28 U.S.C. § 1712 provides methods for calculating attorney's fees in coupon settlements:

> (a) CONTINGENT FEES IN COUPON SETTLEMENTS.—If a proposed settlement in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to class members of the coupons that are redeemed.
> (b) OTHER ATTORNEY'S FEE AWARDS IN COUPON SETTLEMENTS.—
>   (1) IN GENERAL.—If a proposed settlement in a class action provides for a recovery of coupons to class members, and a portion of the recovery of the coupons is not used to determine the attorney's fee to be paid to class counsel, any attorney's fee award shall be based upon the amount of time class counsel reasonably expended working on the action.
>   (2) COURT APPROVAL.—Any attorney's fee under this sub-section shall be subject to approval by the court and shall include an appropriate attorney's fee, if any, for obtaining equitable relief, including an injunction, if applicable. Nothing in this subsection shall be construed to prohibit application of a lodestar with a multiplier method of determining attorney's fees.
> (c) ATTORNEY'S FEE AWARDS CALCULATED ON A MIXED BASIS IN COUPON SETTLEMENTS.—If a proposed settlement in a class action provides for an award of coupons to class members and also provides for equitable relief, including injunctive relief—
>   (1) that portion of the attorney's fee to be paid to class counsel that is based upon a portion of the recovery of the coupons shall be calculated in accordance with subsection (a); and
>   (2) that portion of the attorney's fee to be paid to class counsel that is not based upon a portion of the recovery of the coupons shall be calculated in accordance with subsection (b).

Plaintiffs' counsel's requested fees of $1.6 million are based on a lodestar-with-multiplier calculation. It appears that the coupons provided as part of the settlement are incidental to the main relief of the repair of the affected graphics card or power plug. The court agrees that the main value of the settlement is the provision of a repair option, not the provision of a coupon and finds using "a

ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND INCENTIVE AWARDS TO LEAD PLAINTIFFS—No. C-06-02254 RMW
MAG                                3

lodestar with a multiplier method" to be appropriate for determining attorney's fees for plaintiffs' counsel in this case.[2]

The court was, however, under the impression that only appointed class counsel would be seeking attorney's fees in this action, as the stipulation of settlement submitted to the court refers only to "Class Counsel" with respect to attorney's fees. *See* Stipulation of Settlement ¶ 47. In its March 18, 2008 order, the court appointed three firms as counsel for the class: Green Welling, Kamber & Associates and Faruqui & Faruqui.[3] Although approving three firms as lead counsel risks unnecessary duplication of effort and inefficiency, these firms have submitted detailed time records supporting a lodestar of $1,057,391 for the three firms, and the court is satisfied that these records appropriately reflect the work performed by those firms in this matter.

It appears that the attorney's fees requested also include fee requests from three additional firms: the Law Offices of Clifford Cantor (firm lodestar: $200,722.50 – 446.05 hours; expenses: $8,280.41); the Law Offices of Thomas D. Mauriello (firm lodestar: $28,575.00 – 63.50 hours; expenses: $1026.41); and Bramson, Plutzik, Mahler & Birkhaeuser (firm lodestar: $20,937.00 – 37 hours; expenses: $428.72). Although the court will award costs claimed by these three additional firms, it will not award attorney's fees for these firms.[4] The court believes that dividing services among six law firms cannot have been efficient and undoubtedly resulted in duplication of effort.

---

[2] The Stipulation of Settlement seems to indicate that plaintiffs' counsel are not seeking fees to the extent the recovery to the class under the settlement includes coupons. Stipulation of Settlement ¶ 48 ("Class Counsel . . . warrant and represent that the portion of the recovery based on those discount certificates has not been used to determine the requested amount of the attorneys' fee-and-expense award of $1,600,000.00."). The court has not considered the effect of this provision in the Stipulation of Settlement and makes no determination with regard to the propriety of the parties' apparent attempt to cabin their attorney's fees request to the non-coupon portion of the settlement in order to escape the requirements of CAFA.

[3] Faruqui & Faruqui claims a firm lodestar of $364,518.75, representing 705.25 attorney and 104 paralegal hours, as well as expenses of $7957.80. KamberEdelson claims a firm lodestar of $365,678, representing 638.10 hours, and expenses of $18,936.55. Green Welling claims a firm lodestar of $327,194.25, representing 939.66 attorney and 113.08 paralegal hours, as well as expenses of $1,655.96.

[4] If lead counsel believes that the firms that were not appointed lead counsel beneficially contributed to the services rendered by counsel, they can divide the fee awarded so that each firm gets a fee computed by the percentage its fees bears to the total fees claimed multiplied times the fee award of $1,057,391.

ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND INCENTIVE AWARDS TO LEAD PLAINTIFFS—No. C-06-02254 RMW
MAG                                                         4

One reason for appointing lead counsel, preferably one or two firms, is to minimize coordination efforts and to create efficiencies.

Accordingly, the court will award costs in the amount of $38,285.85. The court will award attorney's fees in the amount of $1,311,164.84, which represents the sum of the lodestar for Green Welling, Kamber & Associates and Faruqui & Faruqui multiplied by the requested multiplier of 1.24, which the court finds to be appropriate based upon the fact that plaintiffs' counsel took the case on contingency and that it obtained a repair option for the class for allegedly defective parts of the affected HP computer models. Plaintiffs' counsel's total costs and fees award shall thus be $1,349,450.69.

### B.  Incentive Awards for Lead Plaintiffs

HP has agreed to pay $3,000 to each of the 7 lead plaintiffs for a total of $21,000 in incentive award. Stipulation at 20, ¶ 20. The Ninth Circuit recognizes that named plaintiffs are eligible for reasonable incentive payments. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). In considering whether such payments are reasonable, the district court "must evaluate their awards individually, using 'relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s] of workplace retaliation.'" *Id.* (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)). Although the incentive fee to be awarded here is not taken from any settlement fund, the court approaches the award of incentive fees cautiously, as such awards may encourage litigation that is meritless or at least of questionable value to the public.

Prior to the final hearing, plaintiffs had presented nothing but conclusory statements that "Named Plaintiffs devoted time and energy in working with their counsel in the prosecution of the litigation, certain Named Plaintiffs submitted their notebook computers and/or various components to class counsels' experts and separately to defense counsel's experts for additional extensive testing" and were thus deprived of the use of the notebooks for several months. Following the final hearing, plaintiffs' counsel submitted a declaration in support of incentive awards for Mr. Wu, Mr. Moser, Mr. Brothers, Mr. McDaniel, Mr. Scripps, Mr. Okada and Ms. Greaves. All declarations submitted

assert that plaintiffs spoke to counsel in advance of filing their complaint, actively participated in reviewing the pleadings and were kept informed regarding the status of the case.

Mr. Wu is a computer engineer who gave up his laptop for testing in this case and who, according to his counsel, took on risk because HP is no longer a potential employer as a result of Wu's participation in this litigation. Decl. Anthony Vozzolo, Docket No. 133. While the court does not find persuasive the contention that Wu undertook employment risk, it finds that his participation, particularly in giving up his laptop and participating in diagnosing the problems, warrants a $1500 incentive fee. Mr. Okada, like Wu, evidently surrendered his computer for diagnosis of the power plug problems. Unlike Wu, however, it does not appear that he actively participated in diagnosing the problems. Decl. Clifford Cantor, Docket No. 130. The court determines that Okada is entitled to $1,000 as an incentive award based upon his giving up his laptop for diagnosis.

Mr. Moser is a computer technician who "performed his own benchmark testing on his laptop computer" and presented it to one of the Class Counsel's firms. Evidently after the lawsuit was filed, he "frequently conducted his own research relating to factual issues as they developed." Decl. Anthony Vozzolo, Docket No. 133. Although it does not appear that Mr. Moser had to give up the use of his laptop, the court finds that his participation warrants a $1,000 incentive fee.

Mr. McDaniel evidently "searched for and provided counsel with a clear record of his purchase of, attempts to enforce, and HP's conduct in relation to the three-day repair service contract" and conducted Web-based research into complaints about the graphics cards at issue. Decl. Charles Marshall, Docket No. 131. McDaniel's provision of his records regarding his attempts to enforce his service contract and, to a lesser extent, his additional research warrants a $1,000 incentive fee.

The remaining named plaintiffs are entitled to $500 each as incentive fees. Mr. Brothers's contribution to the litigation appears to have been limited to discussing the case with counsel, reviewing the pleadings and "providing counsel with updated information relating to the scope and cause of the defect, the public's reaction, and HP's continued conduct regarding the alleged defects." *Id.* None of these general activities suggest more than a nominal incentive fee over the class recovery is appropriate for Mr. Brothers.

It appears that Mr. Scripps's contribution consisted of contacting counsel in response to counsel's communications with another person regarding defective power jacks, discussing the responsibilities of class representatives, communicating about the case, reviewing "critical documents" and generally being "at all times, ready and willing to participate in all respects ordinarily required of class representatives." Decl. Alan Himmelfarb, Docket No. 129.  Ms. Greaves's contribution was similarly limited, although she apparently provided "close up pictures of the alleged defects in her computer." Decl. Clifford Cantor, Docket No. 130.  Neither Scripps's or Greaves's contribution suggests that these named plaintiffs are entitled to an incentive fee of more than $500 each.

### III.  ORDER

For the foregoing reasons, the court grants in part and denies in part plaintiffs' motion for attorney's fees.  The court awards plaintiffs' counsel costs of $38,285.85 and attorneys' fees of $1,311,164.84.  Plaintiffs' counsel's total costs and fees award shall thus total $1,349,450.69.

Plaintiffs' request for incentive fees for named plaintiffs is granted in part and denied in part. Mr. Wu shall receive an incentive award of $1500; Mr. Okada, Mr. Moser and Mr. McDaniel shall each receive an incentive award of $1000; Mr. Scripps, Mr. Brothers and Ms. Greaves shall each receive an incentive award of $500.

DATED:     7/8/08

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

| | |
|---|---|
| Robert S. Green | rsg@classcounsel.com |
| Kamon D Naddaf | kdn@classcounsel.com |
| Jenelle Welling | JWW@classcounsel.com |
| Clifford A. Cantor | cacantor@comcast.net |
| Nadeem Faruqi | nfaruqi@faruqilaw.com |
| Lawrence Timothy Fisher | ltfisher@bramsonplutzik.com,moldenburg@bramsonplutzik.com |
| Alan Himmelfarb | Consumerlaw1@earthlink.net |
| Scott A Kamber | skamber@kolaw.com,drubin@kolaw.com |
| Charles David Marshall | CAND.USCOURTS@classcounsel.com |
| Thomas Dominic Mauriello | tomm@maurlaw.com |
| Alan Roth Plutzik | aplutzik@bramsonplutzik.com |
| Antonio Vozzolo | avozzolo@faruqilaw.com,abarinov@faruqilaw.com |

**Counsel for Defendant:**

| | |
|---|---|
| Barry McCoy | bmccoy@morganlewis.com,scorson@morganlewis.com |
| Thomas R. Green | tgreen@morganlewis.com |
| John F. Schultz | john.schultz@morganlewis.com,jminio@morganlewis.com |
| Howard Holderness | hholderness@morganlewis.com,cgreenblatt@morganlewis.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   7/8/08                                                     /s/ MAG
                                                                     **Chambers of Judge Whyte**